Commonwealth *v.* Wilds, Appellant.

Argued December 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert M. Going*, with him *Zimmerman & Going*, for appellant.

*John A. Kenneff*, Assistant District Attorney, with him *D. Richard Eckman*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 29, 1976:
Appellant raises five contentions in this appeal from

his March 25, 1975 conviction for possession of a controlled substance with intent to deliver.[1] He argues that the evidence was insufficient, that he was entitled to a jury charge on the lesser offense of possession of less than thirty grams,[2] that the trial judge made prejudicial comments during his summary of the evidence, that the court below should have suppressed evidence seized pursuant to a defective search warrant affidavit, and that the court erred in admitting evidence of criminal conduct which was irrelevant to the offense charged.[3]

The following facts led to appellant's arrest and conviction. On November 8, 1974, Detective Jan Walters of the Lancaster Bureau of Police applied to a district magistrate for a warrant to search a house occupied by appellant. The magistrate issued the warrant. Because Detective Walters was preparing to go off duty, he gave the warrant to Detective Herman W. Simms. Detective Simms executed the warrant on the evening of November 8, with the assistance of Detective Luther Henry, Officer Kenneth R. Bomberger, and several uniformed officers. When the officers knocked at the door, a man identified as Kenneth Jones answered. He summoned appellant, who admitted the officers. There were two women, Jones and appellant in the living room when the officers entered. Simms read appellant his Fifth Amendment rights, and Officer Henry searched him. Appellant had a small quantity of marijuana on his

1. The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, §13; as amended October 26, 1972, P.L. 1048. No. 263, §1; 35 P.S. §780-113(a)(30). Amended subsequent to arrest, Dec. 30, 1974, P.L. 1041, No. 340, §1.

2. The Controlled Substance, Drug, Device and Cosmetic Act, *supra*, 35 P.S. §780-113(a)(31).

3. Because we reverse appellant's conviction based upon the improper denial of his requested point for charge, we need not reach appellant's contentions with respect to the trial court's summary of the evidence or the admission of prejudicial, irrelevant testimony suggesting additional criminal conduct.

person.[4] The officers then asked appellant for his gun and threatened appellant with "tearing the place apart" if he did not surrender the marijuana. Appellant led the officers upstairs to one of three bedrooms. He opened a chest of drawers and gave them a .32 caliber pistol in its holster. He opened another drawer and surrendered a large quantity of marijuana.[5] Unsatisfied that all contraband had been produced, the officer continued to search. The police found two more large bags of marijuana in the same bedroom. *In toto*, the police seized 1997.2 grams of marijuana. The officers also found a large number of radios and watches in the same room as the marijuana. Appellant told the officers that he held these items as collateral for loans to friends. The officers also seized a recent telephone bill listing the searched premises as appellant's residence.

On March 3, 1975, appellant was indicted for possession of marijuana with intent to deliver.[6] He was not indicted for mere possession[7] or for possession of a small quantity (under thirty grams).[8] After the jury

---

4. See Note 2, *supra*. The statute defines a small quantity of marijuana as being under thirty (30) grams. Although the testimony is somewhat contradictory on the subject, it is clear that none of the officers contended that appellant had more than thirty (30) grams on his person. Detective Simms testified that appellant had one or two small bags in his shirt. Officer Bomberger was not certain, but thought that he had four or five small bags. Each of these small bags was weighed by the State Crime Laboratory and found to contain between 4.2 and 7 grams. However, the officers did not clearly label the contraband to show where it was found; testimony on this subject was at best equivocal.

5. Because the contraband was not labeled according to where it was found, the precise quantity found in each place is unclear from the record.

6. See Note 1, *supra*.

7. The Controlled Substance, Drug, Device and Cosmetic Act, *supra*, 35 P.S. §780-113(a)(16).

8. See Note 2, *supra*.

heard all the evidence, appellant submitted points for charge on the offense of possession of a small amount of marijuana.[9] The court denied these proposed points for charge on the grounds that appellant was only indicted for possession with intent to deliver.

The jury retired and subsequently returned a verdict of guilty. Appellant filed post-verdict motions for new trial and in arrest of judgment raising all the issues which are now presented to this Court on appeal. The court by President Judge JOHNSTONE denied the post-verdict motions and sentenced appellant to 11½ to 23 months' imprisonment and to pay costs and a hundred dollar fine. This appeal followed.

I

Appellant first urges that the evidence was insufficient to establish possession and argues that the case is controlled by *Commonwealth v. Fortune*, 456 Pa. 365, 318 A. 2d 327 (1974).

---

9. Appellant's points for charge Number 5 and 6 requested instructions on the misdemeanor of possession of under thirty (30) grams of marijuana. These points for charge were refused by the court below because appellant was not charged under section 31, see Note 2, supra. Appellant raised the issue of the rejection of these points for charge in his post-verdict motions. The court below held that appellant's failure to object to the charge after the points for charge were refused amounted to a waiver under Rule 1119(b), Pa.R.Crim.P. Although the rule does require that specific objections be made in order to preserve error predicated on the charge, it would be a useless act to require counsel to object to the court's rejection of a specifically worded point for charge. Error is preserved for appellate review in two ways. First, if a written point for charge is submitted and rejected and raised in post-verdict motions that will be sufficient under the rule. Second, if the court instructs the jury and counsel makes specific objections and renews that objection in written post-verdict motions, that will be sufficient to preserve error under the rule.

Because appellant did not submit points for charge under the subsection related to mere possession, 35 P.S. §780-113(a)(16), we must consider that he has waived his objection. *Commonwealth v. Watlington*, 452 Pa. 524, 306 A. 2d 892 (1973).

When possession of contraband is charged, the Commonwealth must prove conscious dominion over the contraband, and mere presence at the scene is insufficient. *Commonwealth v. Fortune*, supra. However, in determining whether the evidence is sufficient in law to prove that an accused is guilty beyond a reasonable doubt of the crime of possession of a controlled substance, this Court must, after a verdict of guilty, accept as true all of the evidence, direct and circumstantial, and all reasonable inferences arising therefrom, upon which the verdict might have been based. *Commonwealth v. Fortune*, supra.

The question, in the instant case, then, is whether the jury might properly have inferred from all the surrounding circumstances that appellant exercised conscious dominion and control over the marijuana. Appellant and not his guest admitted the officers to the house. Appellant had a small quantity of marijuana on his person. He led the officers to the room where the rest of the marijuana was secreted. He opened the first dresser drawer and surrendered *his* gun. He opened the second and surrendered the marijuana. He admitted that he held certain items in the room as collateral for loans. A phone bill listed the house as his address. Under these circumstances, it is certainly reasonable for the factfinder to infer conscious dominion and control, and it was, therefore, proper for the court to deny the motion to arrest judgment.

## II

Having determined that appellant's sufficiency claim is without merit, we must now rule on appellant's search and seizure claim. The question presented is whether a warrant affidavit, which is inadvertently signed in the wrong place by the affiant, is nonetheless valid.[10]

---

10. Appellant does not raise, and we may not pass upon at this

At the top of the form warrant affidavit, Detective Walters was named as the affiant. At the bottom of the affidavit there appeared two boxes. The upper box provides space for the "Signature of Person Seizing Property." In the box below, space is provided for "Signature of Affiant." The box provided for the affiant's signature was blank. The box above contained the signature and typed name and address of Detective Walters. Detective Walters' typed name is scratched out, and just above appears the signature of Herman W. Simms, another Lancaster Bureau of Police Detective. At the hearing on the motion to suppress, Detective Walters testified that it was purely due to inadvertence that he signed above the line rather than below. Detective Simms testified that it was he who scratched out the typed name, because he realized that he would have to sign as the officer seizing the property.

Article I, §8 of the Pennsylvania Constitution requires that every search warrant be *subscribed* by the affiant and sworn before a magistrate. See *Commonwealth v. McAfee*, 230 Pa. Superior Ct. 336, 326 A. 2d 522 (1974). Rule 2003, Pa.R.Crim.P., provides that no evidence outside the affidavit may be considered by the issuing authority or by the suppression judge. The so-called four-corners rule established by Rule 2003

---

time, the much more obvious difficulty posed by the warrant in question. The affidavit refers to two anonymous informants. The information provided by the first is arguably stale. As to the second, no facts are recited which would support the conclusion that the information provided should be credited. In the procedural posture of this case, appellant will probably have to await a second appeal brought by different appellate counsel than the one representing him at trial or a Post Conviction Hearing Act petition. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A. 2d 435 (1975); Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §1 et seq.; 19 P.S. §1180-1 et seq. (Supp. 1975).

precludes salvaging an otherwise defective warrant by extrinsic evidence. *Commonwealth v. Milliken*, 450 Pa. 310, 300 A. 2d 78 (1973); Rule 2003, Pa.R.Crim.P. It is also true that searches conducted pursuant to warrants are to be favored over warrantless searches and thus "... must be tested with a commonsense, nontechnical, ungrudging, and positive attitude, ..." *Commonwealth v. Conner*, 452 Pa. 333, 340, 305 A. 2d 341, 345 (1973). See also *United States v. Ventresca*, 380 U.S. 102 (1965); *Commonwealth v. Simmons*, 450 Pa. 624, 301 A. 2d 819 (1973).

In the instant case, it is clear from the warrant affidavit that Detective Walters is the affiant. It is clear that the affiant appeared before the magistrate and swore to the contents of the affidavit. It is also clear that the warrant affidavit is subscribed by the affiant named at the top of the warrant, albeit on the wrong line. There is no allegation that appellant's constitutional rights were violated by the procedure followed by the officers or the magistrate. It was, therefore, entirely proper for the suppression motion to be denied; and appellant will not be afforded a new trial on this ground.

## III

Having disposed of appellant's suppression claim, we must now decide whether, under the circumstances of this case, it was error for the court to refuse to charge the jury on the lesser-included offense of possession of a small amount of marijuana.

Under the statutory scheme, possession of marijuana may be prosecuted under at least three sections. Possession of a large quantity of contraband is one factor which may lead to a conviction of possession with intent to deliver. See *Commonwealth v. Santiago*, 462 Pa. 216, 340 A. 2d 440 (1975); *Commonwealth v. Hill*, 236 Pa. Superior Ct. 572, 576, 346 A. 2d 314, 316 (1975) (Dissenting Opinion by HOFFMAN, J.). The offense is

punishable by imprisonment of up to 5 years and/or a fine of up to $15,000.[11] If the jury believes that the accused merely possessed the marijuana and had no intent to deliver, the offense is a misdemeanor punishable by up to a year imprisonment and/or a fine of $5,000.[12] If the jury finds that the accused possessed or distributed less than thirty grams of marijuana, the offense is a misdemeanor punishable by up to 30 days' imprisonment and/or a fine of $500.[13] As between section 780-113(a)(30) and section 780-113(a)(16), the critical issue for the jury to decide is the question of intent. As between section 780-113(a)(30) and section 780-113(a)(16) and section 780-113(a)(31), the issue to be determined is the quantity possessed.

"It is well settled that upon an indictment for a particular crime, the defendant may be convicted of a lesser offense included within it. *Commonwealth v. Soudani*, 398 Pa. 546, 159 A. 2d 687 (1960)." *Commonwealth v. Nace*, 222 Pa. Superior Ct. 329, 330, 295 A. 2d 87 (1972). It is also clear that an offense is a lesser included offense if each and every element of the lesser offense is necessarily an element of the greater. *Commonwealth v. Nace*, supra. It is not error, however, for a judge to refuse to instruct the jury on the lesser-included offense unless the evidence could support a conviction of the lesser offense. "There is no duty on a trial judge to charge upon law which has no applicability to presented facts. *Commonwealth v. Jordan*, 407 Pa. 575, 181 A. 2d 310 (1962)." *Commonwealth v. Dessus*, 214 Pa. Superior Ct. 347, 364, 257 A. 2d 867, allocatur refused, 214 Pa. Superior Ct. *xi* (1969). If under the evidence at trial, the jury *must* either convict the accused of the greater

---

11. The Controlled Substance, Drug, Device and Cosmetic Act, *supra*, 35 P.S. §780-113(f)(2).

12. The Controlled Substance, Drug, Device and Cosmetic Act, *supra*, 35 P.S. §780-113(b).

13. The Controlled Substance, Drug, Device and Cosmetic Act, *supra*, 35 P.S. §780-113(g). See also 35 P.S. §780-117.

offense or acquit him, it is not error to refuse an instruction on a lesser-included offense. *Commonwealth v. Melnyczenko*, 238 Pa. Superior Ct. 203, 358 A. 2d 98 (1976); *Commonwealth v. Dessus*, supra. Conversely, if it is rational for the jury to render a verdict of not guilty of the greater offense but guilty of the lesser, it is incumbent upon the judge to instruct the jury on the law related to the constituent offense if so requested by counsel. See *Keeble v. United States*, 412 U.S. 205 (1973); *Commonwealth v. Moore*, 463 Pa. 317, 323, 344 A. 2d 850, 853 (1975) (Concurring opinion by ROBERTS, J.) *Commonwealth v. Melnyczenko*, supra; *Commonwealth v. Dessus*, supra. "It should be emphasized, however, that before a charge on ... [a lesser-included offense] is required, there thus must be *some evidence*, from whatever source, which would permit the jury to return such a verdict." *Commonwealth v. Moore*, supra at 338, 344 A. 2d at 861 (Concurring opinion by POMEROY, J.). See also *Sansone v. United States*, 380 U.S. 343 (1965); 23A C.J.S. *Criminal Law* §1288 (1961).

In the instant case, the offense charged clearly included the offense of mere possession. Every element of possession is included within the crime of possession with intent to deliver. The only element which distinguishes the latter from the former is the manufacture, delivery, or an intent to manufacture or deliver. Similarly, possession of a small quantity of marijuana for personal use would necessarily be included within the crime of possession with intent to deliver. The issue, therefore, is whether the evidence at trial would possibly support both a conviction of the lesser offense of possession of a small quantity for personal use and an acquittal of possession of marijuana with intent to deliver.

In the instant case, the officers seized less than thirty grams of marijuana from appellant's person. Obviously, the evidence supports a conviction on this charge. However, they seized almost two kilograms from several places in a room obstensibly occupied by appellant. If the

jury determined that appellant possessed the small quantity found in his pocket, it could have acquitted him of possession with intent to deliver, but found him guilty of the lesser offense of possession of a small quantity for personal use.[14] The record supports the conclusion that the jury might have done so if it had the opportunity. After the charge was delivered to the jury, it retired. A short time later, the foreman returned with a question, and the following colloquy occurred:

"THE COURT: Let the record show that the Court is opening communication from the Jury.

"QUESTION: The Indictment states, Violation of Controlled Substance Act. Does this include the possession and intent?

"You didn't see the Indictment, did you?

"THE FOREMAN: That is what is on here.

"THE COURT: No, sir, that is the verdict slip.

"THE FOREMAN: Oh is that the verdict slip?

"THE COURT: What is it you want to know?

"THE FOREMAN: This calls for Violation of Controlled Substance Act?

"THE COURT: That has nothing to do with the case, of course. That is the form on which you make out your verdict. Now, that is just an abbreviation of the charge here. I instructed you fully and completely as to what this man was charged with and what the Commonwealth had to prove. He is charged with possession of marijuana with the intent to deliver it. Now, that is what the Indictment says, but you may not see the Indictment. The law says that you may not.

"Now, what you have in your possession is merely the verdict form, and that is an abbreviation of the charge when they put on, Violation of Controlled Substance Act .... Now, does that answer your question?

---

14. Because appellant did not submit suggested points for charge on the offense of mere possession, he waives his right to object on appeal to the failure of the court to charge on the crime of mere possession. See Note 9, *supra*.

"THE JURY: Yes, sir.

"THE COURT: You may retire.

"MR. GOING [attorney for appellant]: If the Court please, I have one comment.

"THE COURT: Just a minute.

(Whereupon, the following proceedings transpired at sidebar conference at this point.)

"MR. GOING: It would be possible for them to bring in a verdict of possession of marijuana, excluding the intent to deliver.

"THE COURT: No, it wouldn't, because he is not charged with that.

"MR. GOING: Well, that would be part of this, fit within that offense.

"THE COURT: You didn't ask it before, and we are not going to get into that now.

"MR. GOING: My question is, since the form of verdict requires guilty or not guilty, maybe there is a question in their mind as to whether or not they can change that.

"THE COURT: That wasn't the question they asked at all.

"MR. GOING: All right."

The jury's request for clarification is evidence of the jury's confusion over the need to find an intent to deliver. Appellant's counsel renewed his request for a charge on the lesser offense. The court refused again, and the jury was left without guidance as to the various grades of offenses which could plausibly have resulted from the evidence.

It was, therefore, error for the court to refuse to charge on the lesser offense covered by appellant's tendered points for charge; and appellant's conviction will be reversed for this reason.

Judgment of sentence is reversed; and case is remanded for a new trial.

PRICE and VAN DER VOORT, JJ., dissent.