## Commonwealth v. Doe

*Kevin A. Hess, Deputy District Attorney,* for Commonwealth

*Samuel L. Andes,* for defendant.

SHUGHART, *P.J.*, February 16, 1977 — Defendant seeks to suppress all the evidence seized during a search of his residence pursuant to a warrant on November 5, 1976. The police applied for the warrant after receiving information from an undisclosed informant that he or she had been in defendant's premises within the preceding 48 hours and had observed him with a quantity of marijuana. The nighttime warrant was issued at 6:25 P.M. on November 5, 1976, and it was executed at 10:45 P.M. the same day. Quantities of marijuana and hashish were seized along with other items. Defendant contends that the affidavit on which the warrant was issued did not contain sufficient facts to establish the informant's reliability and that the facts were insufficient to show reasonable cause for a nighttime search.

Pa.R.Crim.P. 2003(c) provides that "[n]o search warrant shall authorize a nighttime search unless the affidavits show reasonable cause for such nighttime search." The appellate courts have not yet interpreted this section of the rule. Pa.R.Crim.P. 2003(a), however, states that the issuing authority may not consider any evidence outside the affidavit in determining whether probable cause for a search exists. Extrinsic evidence will not support an otherwise defective warrant. See Commonwealth v. Wilds, 240 Pa. Superior Ct. 278, 362 A.2d 273 (1976). Reasonable cause for a nighttime search must be judged in the same way.

The affidavit indicates that the informant observed the drugs and that the informant was considered reliable because he or she has previously supplied accurate corroborative information to affiant's partner which led to the arrest of three per-

sons and the seizure of illegal drugs. The affidavit further states that: "A night time [sic] search warrant is requested due to the fact that [the defendant] sells marijuana and/or hashish during the night time [sic] hours, as verified by the informant, and to await a day time [sic] search might result in the depletion of the drugs." This does not state reasonable cause for the nighttime search.

The police acted on information that the drugs had been seen in defendant's residence within the past 48 hours. The warrant was issued at 6:25 P.M. on November 5, 1976. On the face of the affidavit, nothing indicates why the search had to be conducted after 10:00 P.M., nor can that inference be drawn from the circumstances stated therein. If anything, the information that an unspecified amount of marijuana was in the house as much as 48 hours ago and that the suspect was selling it at night suggests cause to search immediately rather than reasonable cause for a nighttime search.

Pa.R.Crim.P. 2003 requires the police to show the issuing authority reasonable cause to intrude into a citizen's privacy at night in addition to probable cause to search. No such cause was shown here. At the hearing affiant testified that execution of the warrant was delayed until defendant returned home. There is no indication in the affidavit, however, that defendant was not at home when the warrant was requested or that the police expected him to return that night. Furthermore, no reason was given for searching only with the defendant present, nor was there any indication that something would be on the premises afterwards that would not have been there before he returned. Even if affiant had testified to these

points, reasonable cause can be judged solely from the affidavit, and it was averred only that defendant was selling drugs at night and that to wait until the next morning might result in their being depleted. This provides no reason for delaying the search until after 10:00 P.M. on November 5, and the evidence seized in this search must be suppressed.

Since the evidence must be suppressed for failure to show reasonable cause for a nighttime search, it is unnecessary to decide defendant's claim concerning the establishment of the informant's reliability.

### ORDER

And now, February 16, 1977, for the reasons set forth in the opinion filed this date, the evidence seized in the execution of the search warrant is suppressed, and the Clerk of Court is directed to impound the opinion, this order of court, and all papers relating thereto.