## Commonwealth v. Thompson

*J. Michael Eakin, Assistant District Attorney,* for Commonwealth.

*J. Wesley Oler, Jr., Assistant Public Defender,* for defendant.

SHEELY, *J.,* November 21, 1980—At approximately 3:00 a.m. on December 23, 1979 Fred Myers left the Femina Bar in Carlisle, Cumberland

County, Pa. Shortly thereafter, Myers encountered defendant, Stephen Patrick Thompson, standing in an alcove between the Femina Bar and the Hamilton Restaurant on West High Street in Carlisle. The two engaged in a brief conversation. Thereafter, defendant reached for his boot, produced a knife, repeatedly stabbed Myers, and fled the scene. Myers was treated for various stab wounds at the Carlisle Hospital where he remained for five days.

Defendant Thompson was charged with criminal attempt (murder), in violation of the Crimes Code, 18 Pa.C.S.A. §901, and aggravated assault, in violation of 18 Pa.C.S.A. §2702. Defendant was found guilty only of aggravated assault in a trial by jury on May 12, 1980. The testimony at trial was contradictory, defendant asserting that Myers directed racial slurs at him, and that he was surrounded by three men in a threatening manner. Theories of self-defense and combat entered into by mutual affray were put forth by the defense.

Following the trial, the defense filed post-trial motions in arrest of judgment and for a new trial which are now before the court.

1. SHOULD DEFENDANT'S MOTION IN ARREST OF JUDGMENT BE GRANTED BECAUSE THE VERDICT IS UNSUPPORTED BY THE EVIDENCE?

The applicable test in considering a motion in arrest of judgment is whether the evidence, viewed in the light most favorable to the Commonwealth, and drawing all inferences therefrom, is sufficient to prove guilt beyond a reasonable doubt: Com. v. Meadows, 471 Pa. 201, 369 A. 2d 1266 (1977). Where the issue of self-defense has been raised, the burden is on the Commonwealth to prove beyond a

reasonable doubt that defendant was not acting in self-defense by showing one of the following: 1) that defendant did not reasonably believe he was in danger of death or serious bodily injury; 2) that defendant provoked the use of force; or 3) that defendant had a duty to retreat, and that retreat was possible with complete safety: Com. v. Helm, 485 Pa. 315, 402 A. 2d 500 (1979).

In response to defendant's claim of self-defense, the Commonwealth has presented evidence that prior to the stabbing the victim had not threatened defendant either physically or verbally, that defendant was the aggressor by initially stabbing the victim numerous times, and that the victim was pinned against a wall indicating defendant had an opportunity to retreat to the rear with safety.

The defense cites Com. v. Palmer, 467 Pa. 476, 359 A. 2d 375 (1976), contending that defendant's use of deadly force may be justified if defendant believed he was cornered; however, the evidence presented by the Commonwealth indicates that defendant had the victim pinned against a wall at the time the stabbing occurred.

Viewing this evidence in a light most favorable to the Commonwealth, defendant's motion in arrest of judgment must fail.

2. DID THE COURT ERR IN REFUSING DEFENDANT'S REQUESTED POINTS FOR CHARGE NUMBERED TWELVE AND THIRTEEN CONCERNING THE LESSER INCLUDED OFFENSE OF SIMPLE ASSAULT?

Defendant was charged with criminal attempt to murder and aggravated assault. The court instructed the jury that the aggravated assault charge be reduced to simple assault if they found that the facts so dictated.

Simple assault is defined in section 2701 of the Crimes Code, 18 Pa.C.S.A. §101 et seq., as follows:

"(a) Offense defined.—A person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; (2) negligently causes bodily injury to another with a deadly weapon; or (3) attempts by physical menace to put another in fear of imminent serious bodily injury."

The court instructed that only section 2701(a)(2) could be considered in the reduction of aggravated assault to simple assault. The defense claims that section 2701 should have been charged in its entirety and that because it was not, the law on simple assault was inadequately stated.

No cases cited by the defense require that an instruction on a lesser included offense, to be proper, must be stated in its entirety; rather, the defense cites Com. v. Wilds, 240 Pa. Superior Ct. 278, 288, 362 A. 2d 273, 278 (1976), providing, "if it is rational for the jury to render a verdict of not guilty of the greater offense but guilty of the lesser, it is incumbent upon the judge to instruct the jury on the law *related to* the constituent offense if so requested by counsel." (Emphasis supplied.) It is uncontradicted that a knife was used by defendant Thompson in assaulting his victim. The only provision of section 2701 dealing with assault by use of a deadly weapon is section 2701(a)(2). The jury was given the opportunity to reduce the offense to simple assault by finding that defendant acted negligently rather than intentionally or knowingly as provided for under aggravated assault in section 2702 of the Crimes Code.

A recent Pennsylvania case indicates that the

facts of a case may determine that an instruction on a lesser included offense is inappropriate. In Com. v. Harris, _____ Pa. Superior Ct. _____, _____, 418 A. 2d 589, 593 (1980), the court stated:

"The uncontradicted testimony of the victim in this case indicated that she had received multiple stab wounds. . . . Her wounds were extremely serious and medical testimony was to the effect that it was doubtful for a time that she would live. Once the jury satisfied itself that the appellant was the assailant, it would have had no rational basis for determining that the appellant had committed a simple assault rather than an aggravated one. To have given the jury such an alternative would have been most inappropriate."

Similarly, the uncontradicted facts in the case at bar indicate that a simple assault charge including §2701(a)(1) and (a)(3) would also have been inappropriate. The victim, Fred Myers, testified that defendant stabbed him four times in the side and once in the stomach. Even defendant testified to stabbing Myers at least twice. Medical testimony offered by Rodney B. Fritchley, M.D., pointed out that one stab wound resulted in lacerations of the victim's liver and stomach, that the cut was very near the heart and aorta, and that death could have resulted from such a wound. The requested instruction on simple assault was properly limited by the court to §2701(a)(2).

The defense additionally claims the evidence supported the supposition that this incident resulted from mutual consent. We disagree. In Com. v. Wilds, supra, the court said, at p. 287: "'There is no duty on a trial judge to charge upon law which

has no applicability to presented facts.'" In the case at bar there is no evidence that the victim wished to fight with defendant; to the contrary, evidence presented by defendant indicates that he asked the victim to "go around the corner" but the victim made no response.

For the above-stated reasons, defendant's requested instructions numbered 12 and 13 were properly refused.

3. DID THE COURT ERR IN REFUSING DEFENDANT'S REQUESTED POINT FOR CHARGE NUMBERED 23?

Requested point for charge numbered 23 recites the Pennsylvania Motor Vehicle Code's provision with respect to driving under the influence of alcohol: Vehicle Code, 75 Pa.C.S.A. § 1547(d). The pertinent provision of the requested point for charge states:

"Presumptions from amount of alcohol.—If chemical analysis of a person's breath or blood shows: . . . (3) That the amount of alcohol by weight in the blood of the person tested is 0.10% or more, it shall be presumed that the defendant was under the influence of alcohol."

A defense witness testified that upon entering the hospital following the incident, Myers' blood alcohol content exceeded .10 percent. The defense asserts that this evidence would serve to (1) impeach Myers' statement that he was not under the influence of alcohol, and (2) alter the weight of credibility the jury placed on Myers' testimony regarding his recollection of the events leading to the stabbing.

The requested point for charge would not have

served either purpose. The first contention lacks merit because the victim never testified that he was not under the influence of alcohol; rather, he stated that he had consumed five beers over the course of the evening, and that his recollections of the events were essentially accurate. Secondly, the testimony presented by defense witnesses concerning the presence and affect of Myers' blood alcohol content provided the jury with a sufficient basis to lend less deference to his testimony if they so chose. The jury heard testimony presented by the defense from H. R. Davis, M.D., that a blood alcohol content in excess of .10 percent would not necessarily impair a person's recollection of events. In light of this testimony, a correlation of the victim's blood alcohol content with the Pennsylvania Motor Vehicle Code would not have buttressed the alleged purpose of the requested point for charge.

For the above stated reasons, requested point for charge numbered 23 was properly refused by the court.

## ORDER

And now, November 21, 1980, in accordance with the opinion filed this date, defendant's motions for a new trial and in arrest of judgment are denied.

The Probation Office is directed to prepare a presentence investigation and upon receipt of same by the court, defendant is directed to appear for sentencing at the call of the district attorney.