J-S10044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| COREY ALLEN WALTON, | : | |
| | : | |
| Appellant | : | No. 1033 MDA 2013 |

Appeal from the Judgment of Sentence entered on April 29, 2013
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0000367-2013

BEFORE:  GANTMAN, P.J., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:             **FILED AUGUST 27, 2014**

Corey Allen Walton ("Walton") appeals from the judgment of sentence imposed following his convictions of possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia.  **See** 35 P.S. §§ 780-113(a)(16), (30), (32).  We vacate the sentence and remand for re-sentencing.

The trial court set forth the relevant factual history in its Opinion as follows:

> On December 20, 2012, Berks County probation officers conducted a residential search pursuant to a field contact at [Walton's] residence, at 308 Minor Street in the City of Reading. During their search, the officers found 31 individual baggies containing vegetable matter later confirmed to be marijuana, as well as other drug packaging materials and paraphernalia including a digital scale and a glass pipe.  The total amount of marijuana found was determined to be 18.2 grams.  Officers also found 15 rounds of ammunition, a small knife, and a bottle of prescription pills with a missing label.

These items were secreted above a ceiling tile in [Walton's] residence. After probation officer William Schultz ["Schultz"] retrieved the marijuana, [Walton] said: "What do you expect me to do, I can't find a job, I have a record." [Walton] continued: "I have two girls pregnant, Christmas is five days away and I have to pay my bills and rent." Schultz testified that [Walton] "kept repeating" the words that "what do you expect me to do, I can't find a job. I have a record."

[Walton was charged with various crimes and the matter proceeded to a jury trial.] At the conclusion of the Commonwealth's case, [Walton's] trial counsel made a request for [the trial c]ourt to give certain jury instructions which he had previously filed with the clerk of courts – one regarding the possession and possession with intent charges, and one with regard to the *corpus delicti* rule. After entertaining brief argument, [the trial court] declined [Walton's] request as to both proposed instructions. At the conclusion of [the trial court's] charge to the jury, [Walton's] trial counsel repeated his objection to [the trial court's] refusal to give the requested instructions, and [the trial court] noted his objection for the record.

The jury rendered a guilty verdict as to all counts. [The trial court] sentenced [Walton,] the same day, to the statutory maximum sentence of 2½ to 5 years' imprisonment on the [possession with intent to deliver] charge, and one year [of] probation on the drug paraphernalia charge.[1]

Trial Court Opinion, 10/1/13, at 2 (citations omitted, footnote added).

Walton filed a timely Post-Sentence Motion, which the trial court denied. Walton filed a timely Notice of Appeal. The trial court ordered Walton to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise

---

[1] The trial court did not impose a sentence for the possession of a controlled substance conviction.

statement.  Walton filed a timely Concise Statement and the trial court issued an Opinion.[2]

On appeal, Walton raises the following questions for our review:

A. Whether the Commonwealth was precluded from charging and the trial court erred in accepting the jury's verdict of guilty of 35 [P.S.] § 780-113(a)(30) when the language of 35 [P.S.] § 780-113(a)(31) supersedes and specifically proscribes the conduct in question[?]

B. Whether the trial court erred in denying [Walton's] proposed possession with intent to distribute but not sell instruction in accordance with 35 [P.S.] § 780-113(a)(31), which constitutes reversible error because the jury did not have an opportunity to consider whether [Walton] possessed the marijuana with the intent to distribute it but not sell it and a new trial is warranted[?]

C. Whether the trial court erred in denying [Walton's] proposed *corpus delicti* jury instruction request[,] which constituted reversible error because the jury did not have the opportunity to consider whether the Commonwealth had proved the *corpus* beyond a reasonable doubt and [a] new trial is warranted[?]

D. Whether the trial court imposed an illegal sentence in violation of [Walton's] Sixth Amendment rights by invoking the mandatory minimum provisions of 18 Pa.C.S.A. § 6317, where such determination was not determined or found to be present by a jury beyond a reasonable doubt[?]

Brief for Appellant at 5-6 (issues renumbered for ease of disposition).

In his first claim, Walton contends that the Commonwealth was precluded from charging him with possession with intent to deliver a controlled substance because of the superseding language found in 35 P.S.

---

[2] This Court initially affirmed Walton's judgment of sentence on May 23, 2014.  However, upon Walton's Application for Reargument and/or Reconsideration, our Court granted panel reconsideration on July 23, 2014.

§ 780-113(a)(31),[3] possession of a small amount of marijuana. Brief for Appellant at 26-28; *see also id*. at 23.

Here, Walton did not raise this argument before the trial court or in his Rule 1925(b) Concise Statement. Thus, Walton has waived this argument on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302(a).

In his second claim, Walton contends that the trial court erred in denying his proposed jury instruction with regard to the possession with intent to deliver charge. Brief for Appellant at 20-23. Walton argues that the trial court improperly failed to instruct the jury on the lesser-included offense of possession of a small amount of marijuana under 35 P.S. § 780-113(a)(31). Brief for Appellant at 21-22. Walton asserts that the jury could have found him not guilty of possession with intent to deliver marijuana and guilty of possession of a small amount of marijuana with the intent to distribute but not sell it. *Id*. at 22, 23. Walton points out that, consistent with section 780-113(a)(31), he possessed 18.2 grams of marijuana and the

---

[3] 35 P.S. § 780-113(a)(31) prohibits the following:

> (31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.

> For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

35 P.S. § 780-113(a)(31).

drugs were packaged in a manner common with the "intent to distribute."

***Id***. at 22. Walton claims that the Commonwealth did not present any

evidence demonstrating that he intended to deliver the marijuana. ***Id***.

Our standard of review when considering the propriety of a jury

instruction is as follows:

> In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

***Commonwealth v. Baker***, 963 A.2d 495, 507 (Pa. Super. 2008) (citation

omitted).

The trial court is required to instruct the jury as to the applicable law

of the case. ***Commonwealth v. Daniels***, 963 A.2d 409, 430 (Pa. 2009).

"A trial court must charge on a lesser[-]included offense if there is some

disputed evidence concerning an element of the greater charge or if the

undisputed evidence is capable of more than one rational inference."

***Commonwealth v. Hawkins***, 614 A.2d 1198, 1201 (Pa. Super. 1992)

(citation omitted). "It is not error, however, for a judge to refuse to instruct

the jury on the lesser-included offense unless the evidence could support a

conviction on the lesser offense. There is no duty on a trial judge to charge upon law which has no applicability to presented facts." ***Commonwealth v. Wilds***, 362 A.2d 273, 278 (Pa. Super. 1976) (quotation marks omitted).

The evidence of record established that Berks County probation officers conducted a residential search of Walton's residence on December 20, 2012. N.T., 4/29/13, at 21-22, 30. As a result of the search, the officers discovered a digital scale, which is oftentimes used to weigh marijuana, and a bag containing 31 smaller baggies of marijuana. ***Id***. at 25-27, 29, 33-34, 40, 42, 49. The officers also found a marijuana pipe, other unused packaging material and a bottle of prescription pills that had no label. ***Id***. at 23-24, 26, 34-35, 40-41, 43. After the officers found the marijuana, Walton repeatedly stated, without prompting from the officers: "what do you expect me to do, I can't find a job, I have a record. … I have two girls pregnant, Christmas is five days away, and I have to pay my bills and rent." ***Id***. at 28; ***see also id***. at 37, 44.

Criminal Investigator Darren Smith ("Smith"), an expert in the field of narcotics packaging, testified that Walton possessed the marijuana with the intent to deliver based upon the packaging, the new and unused packaging material, the scale, and Walton's statements. ***Id***. at 51-61, 64, 66; ***see also id***. at 46 (wherein Officer Brandon O'Reilly of the Reading Police Department testified that the marijuana was packaged in a manner common for sale). Smith stated that the marijuana, as packaged, had a street value

of $155; however, the marijuana, in bulk form, would have been worth $60-$80. *Id*. at 58; *see also id*. (wherein Smith testified that the marijuana was not for personal consumption, as a user would not buy 31 individual bags because he would not get his money's worth).

We are cognizant that the crime of possession of a small amount of marijuana is a lesser-included offense of possession with the intent to deliver marijuana. *Wilds*, 362 A.2d at 278-79; *see also Commonwealth v. DeLong*, 879 A.2d 234, 237 n.2 (Pa. Super. 2005) (stating that simple possession of a controlled substance is a lesser-included offense of possession with the intent to deliver a controlled substance). However, based upon the evidence presented at trial, the trial court correctly refused to provide the charge to the jury on the offense of possession of a small amount of marijuana. While the officers found a marijuana pipe at Walton's residence, Walton did not present any evidence to demonstrate that he possessed the marijuana in question only for personal use. Indeed, the evidence, including the manner of the packaging, the digital scale, the unused packaging, the expert's testimony, and Walton's own statements demonstrate that Walton possessed the marijuana with the intent to deliver. *See, e.g., Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-38 (Pa. 2007) (concluding that appellant possessed crack cocaine with intent to deliver where he possessed a large quantity of unused zip-lock bags, and an expert testified that the circumstances surrounding the appellant's

possession of the crack cocaine, including the amount and the form of the drug, established that he intended to distribute the crack cocaine); **Commonwealth v. Carpenter**, 955 A.2d 411, 415 (Pa. Super. 2008) (stating that "[e]ven where the quantity of the drug could possibly be consistent with personal use, the presence of the drug paraphernalia in [appellant's] home, such as scales and packaging materials, unequivocally establish more than just personal use.") (citation and quotation marks omitted). Thus, the evidence is not capable of more than one rational inference and the trial court properly refused to instruct the jury on the possession of a small amount of marijuana offense. **See Commonwealth v. Ferrari**, 593 A.2d 846, 850 (Pa. Super. 1991) (stating that an instruction on a lesser-included offense is warranted "only where the evidence in the record would permit the jury to find, rationally, the defendant guilty of the lesser[-]included offense but not the greater offense."); **see also Hawkins**, 614 A.2d at 1201. Accordingly, Walton's second claim is without merit.

In his third claim, Walton contends that the trial court committed reversible error in failing to give his *corpus delicti* instruction. Brief for Appellant at 24, 25.

> The *corpus delicti* rule is designed to guard against the hasty and unguarded character[,] which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed. The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the

prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's admission of the accused's statements and the second step concerns the fact finder's consideration of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

***Commonwealth v. Hernandez***, 39 A.3d 406, 410-11 (Pa. Super. 2012) (citation, quotation marks, and emphasis omitted).

Walton argues that the instruction was warranted because an important piece of evidence in deciding whether he possessed the marijuana with the intent to deliver was his statements to the officers at the time of the search. Brief for Appellant at 25. Walton asserts that the jury may not have found him guilty of possession with intent to deliver without this statement. ***Id***. While Walton concedes the statement was properly admitted into evidence, he claims the statement should not have been considered because the Commonwealth did not prove the *corpus delicti* beyond a reasonable doubt. ***Id***. at 25-26.

Here, contrary to Walton's argument, there was sufficient independent evidence to demonstrate that Walton possessed the marijuana with the intent to deliver without his statements. Walton's statements were merely cumulative in nature, and did not form the sole basis of his convictions. Based upon the above-noted evidence, Walton was not convicted solely on the basis of an uncorroborated admission and therefore, no violation of the *corpus delicti* rule occurred.[4] Thus, Walton's claim is without merit.

In his final claim, Walton contends that the trial court imposed an illegal sentence by invoking the mandatory minimum provisions of 18 Pa.C.S.A. § 6317, **Drug-free school zones**.[5] Brief for Appellant at 13. Walton asserts that pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt. Brief for Appellant at 13-15, 17-20. Walton argues that the jury did not make a specific finding of whether the drugs were found within 1,000 feet of a school. ***Id***. at 15-16, 17. Walton claims that because the trial court made the school zone factual determination at sentencing, his sentence was illegal and, accordingly, the case should be remanded for re-sentencing. ***Id***. at 20.

---

[4] We also note the trial court instructed the jury that the Commonwealth must prove that Walton committed the charged crimes beyond a reasonable doubt. N.T., 4/29/13, at 86-93.

[5] The mandatory minimum sentence under section 6317 is two years in prison. ***See*** 42 Pa.C.S.A. § 6317(a).

Initially, we note that a mandatory minimum sentencing claim that invokes the reasoning of **Alleyne** implicates the legality of the sentence. **Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013). "A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." **Commonwealth v. Robinson**, 931 A.2d 15, 19-20 (Pa. Super. 2007) (*en banc*).

After Walton's sentencing in this case, the Supreme Court of the United States decided **Alleyne** and expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the jury and found beyond a reasonable doubt. **Alleyne**, 133 S.Ct. at 2155-56, 2163. "The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*) (footnote omitted); **see also id**. at 117 n.4 (wherein this Court lists the statutes, including section 6317, that are unconstitutional due to the **Alleyne** decision).

Instantly, no evidence was presented at trial as to whether Walton committed the offense of possession with intent to deliver within 1,000 feet of a school. **See** 18 Pa.C.S.A. § 6317(a). As such, the trial court erred by

deciding this point at sentencing, as a sentencing factor under 18 Pa.C.S.A. § 6317(b). **See** N.T., 4/29/13, at 115; **see also Alleyne, supra**. Despite this finding, at sentencing, the trial court stated that it would not impose the mandatory minimum sentence, and instead, imposed a sentence of 2½ to 5 years in prison, the statutory maximum sentence,[6] in light of the pre-sentence investigation report, the nature and gravity of the offenses, and Walton's prior criminal record. **See** N.T., 4/29/13, at 116-17; **see also** Trial Court Opinion, 10/1/13, at 7 (wherein the trial court states that it "imposed the maximum sentence permitted by law irrespective of the school-zone mandatory minimum."). However, the written Sentencing Order, which imposed the sentence of 2½ to 5 years in prison, lists the charges as "Possession w/ Intent to Deliver Controlled Substance – Marijuana (18.2g) SCHOOL ZONE MANDATORY." Sentence Order, 4/29/13.

While the trial court stated at sentencing that it was not imposing the mandatory minimum sentence, the Sentencing Order indicates that it utilized section 6317 in crafting its sentence. **See Commonwealth v. Willis**, 68 A.3d 997, 1010 (Pa. Super. 2013) (stating that "where there is a discrepancy between the sentence as written and orally pronounced, the written sentence generally controls."); **see also id**. (stating that "[o]ral statements made by the sentencing court, but not incorporated into the

---

[6] **See** 35 P.S. § 780-113(f)(2) (stating that a person who commits possession with intent to deliver marijuana shall be sentenced to a prison term not exceeding five years).

written sentence signed by the court, are not part of the judgment of sentence."). Because the trial court found as fact that Walton committed the offense of possession with intent to deliver within 1,000 feet of a school at sentencing, rather than permitting the jury to determine the fact beyond a reasonable doubt, the sentence violates **Alleyne**. Thus, we must vacate the sentence and remand for re-sentencing.

Based upon the foregoing, we affirm the convictions, vacate the sentence, and remand for re-sentencing.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014