428 A.2d 629

**COMMONWEALTH of Pennsylvania,**

v.

**Rosemary SIRIANNI, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed April 16, 1981.

Diane Barr Quinlan, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

CERCONE, President Judge:

■ This is an appeal from a conviction in the Court of Common Pleas of Allegheny County for aggravated assault. Crimes Code, 18 Pa.C.S. § 2702(a)(1). Appellant, Ms. Sirianni, contends *inter alia* that the court below erred in refusing her defense counsel's request to instruct the jury on simple assault, 18 Pa.C.S. § 2701(a)(1), which is a lesser included offense of aggravated assault with which Ms. Sirianni was charged and convicted, and that she was denied her constitutional right to the effective assistance of counsel.[1] For the

1. Ms. Sirianni also contends that the court below erred (1) in failing to hold a hearing on her motion to suppress evidence even though the Commonwealth agreed not to use the evidence sought to be suppressed; and, (2) in refusing to grant a mistrial when the prosecution allegedly made a reference to the fruits of evidence sought to be suppressed. These contentions are, however, easily put to rest because, even assuming for our purposes that the court erred in these two respects, Ms. Sirianni has not shown that such errors were

reasons hereinafter discussed, we affirm the decision of the lower court with respect to the jury instructions, but vacate and remand the case for an evidentiary hearing to determine the ineffectiveness issue.

Appellant, Ms. Sirianni, and the victim, Ms. McKelvy, were social acquaintances who had known each other for approximately two years. About six weeks prior to the incident in question, Ms. Sirianni and Ms. McKelvy attended the wedding reception of a mutual friend at which time they had an argument concerning their personal relationships with other people who were also in attendance at the wedding. The following day Ms. Sirianni telephoned the victim and told her that the next time she saw her, Ms. McKelvy would be dead. The victim did not see or hear from Ms. Sirianni again until May 25, 1978, the night of the crime. On that night, Ms. McKelvy was returning home at about 2:30 a. m. when she noticed another car pull up behind her. When Ms. McKelvy got out of her car, Ms. Sirianni did likewise and approached the victim expressing a desire to talk to her. Ms. McKelvy told Ms. Sirianni that she did not want to talk to her. At this point Ms. McKelvy tried to get back into her car but Ms. Sirianni followed her around the car until they were only several feet apart. Ms. Sirianni then pulled out a gun and fired point-blank at Ms. McKelvy striking her in the right foreman. The victim fell to the ground and Ms. Sirianni fired another shot barely missing the victim and striking the asphalt only inches from the victim's hand which she had held up to her head. Ms. Sirianni then went to her car and drove away, whereupon Ms. McKelvy received emergency medical treatment for the two lacerations on her right forearm.

prejudicial to her: the evidence sought to be suppressed was not introduced at trial and the alleged fruit of such suppressed evidence which was admitted at trial was the neutral, non-descript fact that the car Ms. Sirianni was driving on the night in question was a rental car. Thus, at most, Ms. Sirianni's contentions would amount to harmless error. As such we do not reach the substantive question of whether or not they were, in fact, errors of law. *See Commonwealth v. Fitzimmons*, 95 Dauph. 52, 54 (Pa.C.P.1972); *Commonwealth v. Barker*, 49 Wash.Co. 174, 176 (Pa.C.P.1969). *See also Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

In connection with this shooting Ms. Sirianni was charged with criminal attempt (attempted murder) and aggravated assault. At trial, the judge refused defense counsel's request to charge the jury on simple assault in addition to the other crimes charged. The jury then found Ms. Sirianni guilty of aggravated assault, but not guilty of criminal attempt. Ms. Sirianni subsequently was sentenced to a term of two to ten years at the Community Treatment Center in order to treat her psychological problems. This appeal follows.

■ Concerning Ms. Sirianni's first allegation of error, we note that a defendant is entitled to a jury instruction on a lesser included offense upon his or her request only if there is evidence in the record "from whatever source," which makes it "rational for the jury to render a verdict of not guilty of the greater offense but guilty of the lesser." *Commonwealth v. Wilds*, 240 Pa.Super. 278, 287–88, 362 A.2d 273, 278 (1976). *See also Commonwealth v. White*, 490 Pa. 179, 183, 415 A.2d 399, 402 (1980); *Commonwealth v. Williams*, 490 Pa. 187, 190, 415 A.2d 403, 404 (1980). In the information filed against Ms. Sirianni, the District Attorney charged her with aggravated assault as well as attempted murder. The assault charge upon which she was convicted reads as follows:

The District Attorney of Allegheny County by this information charges that on (or about) May 25, 1978 in the said County of Allegheny Rosemary Sirianni hereinafter called actor, did commit the crime or crimes indicated herein; that is:

\* \* \* \* \* \*

27021A Count 2 AGGRAVATED ASSAULT Felony 2 The actor attempted to cause serious bodily injury to Donna McKelvy under circumstances manifesting extreme indifference to the value of human life, that is to say the actor shot Donna McKelvy in the right forearm with a gun, in violation of Section 2702(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. § 2702(a)(1).

■ As previously stated, the trial judge refused defense counsel's request to charge the jury on simple assault as a lesser included offense of aggravated assault. Section 2701(a) of the Crimes Code defines simple assault as follows:

A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

It is evident from the opinion of the court below that the trial judge only considered whether appellant was entitled to a simple assault instruction under subsection (a)(2). Since this subsection is the only part of the entire section on simple assault which mentions use of a deadly weapon, the trial judge reasoned that the only way simple assault could have been committed in this case which involved the use of a deadly weapon, a gun, was through section 2701(a)(2) alone. Thus, he did not consider whether or not Ms. Sirianni was entitled to a lesser included instruction on simple assault under sections 2701(a)(1) & (3) because those subsections, unlike section 2701(a)(2), did not mention the use of a deadly weapon. This was error. Simply because that particular subsection of the statute mentions a factual scenario involving the use of a deadly weapon, the bare fact that a deadly weapon was used in the case under consideration does not necessarily preclude the application of other subsections of that same statute. These subsections set forth offenses which, perhaps, in all other respects might be applicable to the facts being considered. So, although the trial court correctly concluded that Ms. Sirianni was not entitled to an instruction under section 2701(a)(2) because there was no evidence in the record that the negligent use of a deadly weapon caused Ms. McKelvy's bodily injuries,[2] we must

2. Section 2701(a)(2), as quoted previously, requires that bodily injury be caused to another through the negligent use of a deadly weapon. 18 Pa.C.S. § 2701(a)(2).

nevertheless agree with Ms. Sirianni that the trial court should have carried the analysis further to determine whether or not she was entitled to a lesser included offense instruction under subsection (a)(1).[3] Having so extended the purview of our inquiry, we conclude that Ms. Sirianni's victory is but a hollow one, for we now hold that she was not entitled to an instruction under section 2701(a)(1), either.

Recognizing initially that defense counsel for Ms. Sirianni requested a lesser included charge, we come to the next step of deciding whether or not simple assault, defined in section 2701(a)(1) as attempting to cause "bodily injury" is, in fact, a lesser included offense of aggravated assault, defined in section 2702(a)(1) as attempting to cause "serious bodily injury." The "serious bodily injury" required to prove aggravated assault is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. On the other hand, the "bodily injury" required to prove simple assault is defined as "[i]mpairment of physical condition or substantial pain." A comparison of the above-quoted sections indicates that the definition of "serious bodily injury" contains "bodily injury" within it. In *Commonwealth v. Wilds, supra,* this court sitting en banc stated that "an offense is a lesser included offense if each and every element of the lesser offense is necessarily an element of the greater." 240 Pa.Super. at 287, 362 A.2d at 278. *See also Commonwealth v. Ostolaza,* 267 Pa.Super. 451, 406 A.2d 1128 (1979); *Commonwealth v. Farmer,* 244 Pa.Super. 334, 368 A.2d 748 (1976). This test has been met here. "Simple assault" as an attempt to cause mere bodily injury[4] is, therefore, a lesser included offense of aggravated assault which is an attempt to cause serious bodily injury.[5]

3. Appellant has neither briefed nor argued in this appeal that she was entitled to have the jury charged on section 2701(a)(3). Therefore, we do not consider this question.

4. 18 Pa.C.S. § 2701(a)(1).

5. 18 Pa.C.S. § 2702(a)(1).

Having already determined that a charge on simple assault was requested, and that the particular subsections involved indicate we are dealing with a lesser included offense, we are left with the final question of whether or not there is evidence in the record which would permit the jury to rationally find Ms. Sirianni guilty of the lesser included offense, simple assault, but not guilty of the greater offense, aggravated assault. It is here that we part company with Ms. Sirianni's contention.[6] On the facts of this case, we find that there is no evidence in the record from which a jury could reasonably conclude that appellant intended to cause bodily injury, but not serious bodily injury. The record indicates use of a firearm at point-blank range by a person who had been secretively following the victim in the early morning hours prior to the confrontation, and who had previously threatened the victim's life. One shot hit the victim in the arm, while the other missed the victim's head only by inches. This is all uncontradicted evidence of record indicating an intent to cause serious bodily injury.

The only evidence in the record from which it can possibly be asserted that a jury could rationally conclude that Ms. Sirianni should be acquitted of aggravated assault and convicted of simple assault is the fact that mere bodily injury was actually caused. However, it is not reasonable to infer an intent to cause mere bodily injury from the fact that this was all that was caused.[7] One finds support neither in logic

**6.** Ms. Sirianni cites *Commonwealth v. Covil,* 474 Pa. 375, 382, 378 A. 2d 841, 844 (1977) for her argument concerning the supposed "mercy dispensing function" of the jury, but *Commonwealth v. Williams,* 490 Pa. 187, 190, 415 A.2d 403, 405 (1980) effectively rebuts this contention in the majority opinion as well as in Justice Larsen's concurring opinion. *Id.,* 490 Pa. at 191, 415 A.2d at 405 (LARSEN, J. concurring).

**7.** The strongest argument which can be made along these lines is that an actor is presumed to intend the natural and probable consequences of his actions. *See Commonwealth v. O'Searo,* 466 Pa. 224, 236, 352 A.2d 30, 37 (1976). *See also* Prosser, Law of Torts § 8, 492– 94 (4th ed. 1971); Restatement (Second) of Torts, § 8A (1965). However, use of this argument on behalf of appellant is easily put to rest on the facts of this case: serious bodily injury (if not death) *is* the natural and probable result of pointing and twice firing a loaded

nor law for the proposition that the specific result caused was the exact result intended.[8] It is, therefore, proper to consider only those facts and circumstances which are probative of the actor's frame of mind at the moment he committed the act. Under the circumstances of this case, the actual result caused is not one such factor.

Furthermore, this is not the type of "evidence in the record" with which the rule stated in *Commonwealth v. Wilds*, 240 Pa.Super. 278, 362 A.2d 273 (1976) was concerned. In *Wilds*, there was a conviction for possession of marijuana with intent to deliver. The conviction was based on testimony concerning a large quantity of marijuana seized from a room which ostensibly was occupied by Mr. Wilds. This Court there held that the jury could reasonably have found that Wilds only possessed the small quantity of marijuana which was found in his pocket, but not the larger quantity which was found in the room. We, therefore, concluded that the trial court erred in refusing to charge the jury on the lesser included offense of possession of a small quantity of marijuana for personal use. Thus, in *Wilds*, unlike the present case, there was a disputed fact in the record from which the jury could have drawn the pertinent conclusion.

Having made an independent review of the record in the case at bar, we find no such facts to indicate that the lesser included offense, rather than the greater, was committed. Ms. Sirianni exercised her option not to testify, and thereby did not offer any testimony concerning her intent. In fact,

handgun at another person from point-blank range. *See Commonwealth v. Steele*, 362 Pa. 427, 66 A.2d 825 (1949); *Commonwealth v. Daynarowicz*, 275 Pa. 235, 119 A. 77 (1922). This is so especially since the second shot came within inches of the victim's head. *See Commonwealth v. Weston*, 297 Pa. 382, 147 A. 79 (1929) (subsequent blows are probative of intent).

8. For example, if an individual at a shooting range expresses a desire to kill and subsequently fires a gun at his intended victim, but, due to his bad marksmanship, misses and hits the center of a nearby target, then his intent was certainly not to make a bull's eye, but rather to kill another human being.

the defense did not present any evidence or testimony to rebut the testimony of the three Commonwealth witnesses. Nor did defense counsel's cross-examination of these witnesses concern itself with the intent issue. Since the record reveals that there was no evidence presented by appellant to dispute the Commonwealth's overwhelming proof of an intent to inflict serious bodily injury, a charge on simple assault would have been unwarranted. *Commonwealth v. Melnyczenko*, 238 Pa.Super. 203, 209, 358 A.2d 98, 101 (1976) (no jury charge on "unlawful entry" necessary in "burglary" conviction because appellant failed to rebut the Commonwealth's showing of the requisite intent to commit a felony). *See also Commonwealth v. Franklin*, 248 Pa.Super. 145, 150, 374 A.2d 1360, 1363 (1977) (no need to charge jury on disorderly conduct where "the testimony . . . if believed by the jury proved the offenses of assault and resisting arrest, not of disorderly conduct"). We, therefore, affirm the decision of the trial court and hold that it was not error to refuse to charge the jury on simple assault.

Ms. Sirianni's second contention is that she was denied the effective assistance of counsel because of her trial counsel's failure to assert an insanity defense on her behalf. Our Supreme Court has made it clear that counsel is constitutionally ineffective if he fails to raise a claim of arguable merit and it is shown further that such a course of action had no "reasonable basis designed to effectuate his client's interests." *Commonwealth v. Hubbard*, 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352 (1976).

■ Prior to trial, Ms. Sirianni had received psychological treatment due to an attempted suicide. She was committed by court order to Mayview State Hospital for a period of not more than ninety days. The doctors from the hospital submitted a psychiatric report stating that "Miss Sirianni will continue to need psychiatric treatment and close super-

vision." The doctors further testified at a hearing to determine Miss Sirianni's competency to stand trial that she was under emotional pressure and in a state of depression. They diagnosed her as a "schizoid personality" with a propensity for violence whether against herself or others. Nevertheless, they opined, and the hearing judge held, that she was competent to stand trial. Since the crimes with which Ms. Sirianni was charged were specific intent crimes, i. e., criminal attempt and aggravated assault, *Commonwealth v. Clopton*, 447 Pa. 1, 299 A.2d 455 (1972) (criminal attempt is a specific intent crime); *Commonwealth v. Grassmyer*, 266 Pa.Super. 11, 16 n. 1, 402 A.2d 1052, 1054 n.1 (1979) (aggravated assault, as an attempt to cause serious bodily injury, is a specific intent crime), insanity would be a possible defense to be asserted on her behalf, especially in light of Ms. Sirianni's previous commitment and psychological evaluation. Thus, the claim or defense of insanity was at least of "arguable merit" in satisfaction of the first prong in the *Hubbard* and *Maroney* analysis. However, because we are unable from the record to make the second pertinent determination required by *Hubbard* and *Maroney* of whether or not trial counsel had some reasonable basis for his failure to raise the insanity defense, we vacate the order of the court below and remand the case for an evidentiary hearing to determine if Ms. Sirianni's trial counsel did, in fact, have a reasonable basis designed to effectuate her interests when he did not assert an insanity defense. *See Commonwealth v. Potts*, 486 Pa. 509, 406 A.2d 1007 (1979) (per Manderino, J. with one judge concurring, one judge specially concurring and one judge concurring in result). If the court below determines that there was a reasonable basis for this conduct, then the judgment of sentence shall be reinstated. Should the court below, however, determine that there was no responsible basis for counsel's actions, then a new trial should be ordered.

Finally, appellant Sirianni raises the additional claim that counsel was also ineffective because of his failure to call

character witnesses in her defense. Ms. Sirianni argues that since testimony concerning a defendant's good character is competent substantive evidence tending to establish his or her innocence, *Commonwealth v. Sampson*, 445 Pa. 558, 565, 285 A.2d 480, 484 (1971); *Commonwealth v. Shapiro*, 223 Pa.Super. 15, 19–20, 297 A.2d 161, 163 (1972), the failure of defense counsel to present such testimony, when available, is a claim of arguable merit which could amount to ineffectiveness absent a showing that there was a reasonable basis for not introducing such testimony. *See Commonwealth v. Jones*, 263 Pa.Super. 149, 153, 397 A.2d 790, 792 (1978); *Commonwealth v. Owens*, 454 Pa. 268, 274, 312 A.2d 378, 382 (1973). *See also Commonwealth v. Karchella*, 449 Pa. 270, 296 A.2d 732 (1972). Although we believe this claim to be of dubious merit,[9] we will nevertheless afford Ms. Sirianni the opportunity to further develop the basis for this contention at the evidentiary hearing to be held on her claim that counsel was ineffective for failing to assert an insanity defense on her behalf. *See Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975). We do so without reaching the merits of her claim only in the interests of judicial economy because the case has already been remanded for a determination of the ineffectiveness claim concerning the unasserted insanity defense.

The order of the court below and judgment of sentence are vacated and the case is remanded for further proceedings consistent with this opinion.

**9.** Counsel may have sought to avoid using evidence of good character because of his belief that, in reality, it would not be of much help in establishing innocence and, therefore, would not justify running the risk that the Commonwealth could then introduce evidence of appellant's bad character. Thus, his strategy of using character witnesses at the sentencing hearing by having them submit letters to the judge rather than using their testimony at trial, may have been a reasonable course of action designed to effectuate his client's interests.