J-S84005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK E. OWENS | : | |
| | : | |
| Appellant | : | No. 690 MDA 2017 |

Appeal from the Judgment of Sentence November 30, 2016
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004271-2015

BEFORE: SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 21, 2018**

Appellant, Frederick E. Owens, appeals from the judgment of sentence imposed after a jury convicted him of aggravated assault, 18 Pa.C.S. § 2702(a)(1). We affirm.

This case arises out of Appellant's assault of his girlfriend, Zuleika Marcucci ("Marcucci"). The trial court summarized the evidence as follows:

> On June 16, 2015, Yomaris Ruiz-Santiago walked over to her sister's apartment. Upon arriving at the apartment she heard yelling and screaming and saw her sister, Zuleika Marcucci, was badly injured. Marcucci was arguing with her boyfriend [Appellant] and Ruiz-Santiago demanded that [Appellant] let her sister go. Marcucci and Ruiz-Santiago left the apartment unhindered and made their way to their mother's home. (Notes of Testimony, Jury Trial, Sept. 26-27, 2016, p. 27, 32).
>
> Ruiz-Santiago saw that her sister was bruised all over, crying and nervous and limping. (N.T. p. 28-29). Their mother called their pastor and his wife at Marcucci's request. (N.T. p. 29, 33). They came over and ultimately took Marcucci to the hospital. (N.T. p. 31).

Waleska Cruz, the pastor's wife, recalled entering the home and finding Marcucci in bed. She was screaming and crying that she was going to die and asked them to pray over her. (N.T. p. 102). Marcucci uncovered herself and they saw that she was covered head-to-toe in bruises. (N.T. p. 103). They obliged and prayed over her until she calmed down, and then took her to the hospital. (N.T. p. 103).

Following Marcucci's release form [sic] the hospital, she stayed with the Cruzes. (N.T. p. 104). Marcucci was afraid to return home because the person who injured her might return. (N.T. p. 104). She was unable to move, Waleska bathed her, fed her, helped her walk and sit. (N.T. p. 104). Four days later, Waleska asked a still unwell Marcucci to leave because Marcucci was secretly communicating with Appellant. (N.T. p. 105).

Medical records show that Marcucci suffered from tenderness in the area of the L1 lumbar spine, which was consistent with a nondisplaced fracture of the left L1 transverse process. (N.T. p. 55-56). A CT scan showed a fracture in this area and the notes indicated that surgery was not necessary, however, it would take two to three months to heal. (N.T. p. 57). notes also indicated that Marcucci reported she was assaulted "last night into today" with fists, a hammer and a drumstick and she reported hearing loss in her left ear. (N.T. p. 58-59). She rated her pain level as 10. (N.T. p. 59).

On June 18, 2016, Officer Kennedy of the Harrisburg Police Department, went to the apartment were [sic] the assault took place. (N.T. p. 47). As soon as he entered the apartment, he saw a drumstick laying on the couch. (N.T. p. 47-48). On the second floor, stuffed under clothing in a closet, they discovered a claw hammer with a rubber handle. (N.T. p. 48 No DNA testing or fingerprint testing of these items was performed. (N.T. p. 68-72).

He then met with Marcucci at Waleska Cruz's home. He had originally tried to have her come down to the precinct as they prefer to take statement[s] in a more formal setting, but Marcucci was unable to move so he went to her. (N.T. p. 53). He saw her covered head-to-toe in bruises and unable to stand. (N.T. p. 53).

On June 19, 2016, Investigator Lyda went to Waleska Cruz's home to take pictures of Marcucci. (N.T. p. 38). She witnessed an obviously sore and bruised Marcucci being helped around by someone. (N.T. p. 39). Lyda took pictures of a swollen, [sic] eye, extensive bruising behind her ear, on her back, arms, abdomen, breasts, legs, and buttocks. (N.T. p. 40-41). Marcucci was unable to stand up from a seated position on her own, but was able to balance once standing. (N.T. p. 44).

On June 29, 2016, Officer Kennedy went to York County Prison to transport Appellant to Dauphin County Prison on these charges. (N.T. p. 62). He advised Appellant of his constitutional rights. Nevertheless a brief conversation ensued wherein Appellant indicated he was in York at the time of the assault and not in Dauphin County. (RT. p. 63).

Trial Court Opinion, 7/12/17, at 1–3 (footnote omitted).

Appellant was arrested and charged with attempted homicide, aggravated assault, unlawful restraint, and theft by unlawful taking.[1] The Commonwealth withdrew the charge of theft by unlawful taking prior to trial. Appellant proceeded to a jury trial on September 26–27, 2016, during which Marcucci refused to testify. Appellant requested a jury instruction on the lesser-included offense of simple assault, 18 Pa.C.S. § 2701(a), which the trial court denied. The jury acquitted Appellant of attempted homicide and unlawful restraint and convicted him of aggravated assault. On November 30, 2016, the trial court sentenced Appellant to incarceration for eight and one-half to twenty years. Appellant filed a timely post-sentence motion on December 8, 2016, which the trial court denied on March 24,

_____

[1] 18 Pa.C.S. §§ 901, 2702(a)(1), 2902(a), and 3921, respectively.

- 3 -

2017. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two questions for our consideration:

I. Was not the evidence insufficient to sustain a conviction for aggravated assault (causing serious bodily injury) when the injuries described by the evidence did not meet the statutory definition of serious bodily injury?

II. Did not the court err in refusing to instruct the jury as requested by [Appellant] on the lesser-included offense of simple assault?

Appellant's Brief at 4 (full capitalization omitted).

Appellant first challenges the sufficiency of the evidence supporting his conviction for aggravated assault. Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Sanchez**, 36 A.3d 24, 37 (Pa. 2011). In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. **Commonwealth v. Von Evans**, 163 A.3d 980, 983 (Pa. Super. 2017). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Colon–Plaza**, 136 A.3d 521, 525–526 (Pa. Super. 2016) (quoting **Commonwealth v. Robertson–Dewar**, 829 A.2d 1207, 1211 (Pa. Super. 2003)). It is within the province of the fact-finder to

- 4 -

determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Tejada*, 107 A.3d 788, 792–793 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Mucci*, 143 A.3d 399, 409 (Pa. Super. 2016). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Rogal*, 120 A.3d 994 (Pa. Super. 2015).

Aggravated assault is defined as follows:

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702. Serious bodily injury is "[b]odily injury which creates a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Appellant argues that the jury could convict him of aggravated assault only if they found Marcucci suffered serious bodily injury because neither the verdict slip nor the trial court's charge included the "attempt" version of aggravated assault. Appellant's Brief at 16. *See* N.T., 9/26–27/16, at 140–141 (instructing jury on aggravated assault). According to Appellant:

[t]here was no evidence that the injuries involved a substantial risk of death. Likewise, there is no evidence that the victim suffered any permanent disfigurement.

Accordingly, the conviction for aggravated assault can be sustained only if the injuries caused a <u>protracted</u> loss or impairment of the function of any bodily member or organ.

\* \* \*

The bottom line is that there is no Pennsylvania appellate decision stating that a displaced fracture of a vertebrae constitutes "protracted loss or impairment of the function of any bodily member or organ."

Appellant's Brief at 18, 19 (emphasis in original).

In disposing of Appellant's sufficiency challenge, the trial court opined:

The extreme nature of Marcucci's injuries indicate an intent to cause serious bodily injury to another. Per testimony by her caretaker at the time, Marcucci was unable to feed or bathe herself as a result of her injuries. She believed she was dying. There is certainly sufficient evidence for a jury to find that [Appellant] caused serious bodily injury to Marcucci.

Post Sentence Motion Order and Memorandum Opinion, 3/24/17, at 2.

Upon review, we conclude that Appellant's sufficiency claim does not warrant relief. Appellant physically assaulted Marcucci, using his fist, a drumstick, and a hammer. N.T., 9/26–27/16, at 47–48. Fortunately, Appellant's attack was interrupted by the arrival of Marcucci's sister, but not before he inflicted on Marcucci a swollen eye, "injuries on pretty much every surface of her body," and a nondisplaced fracture of her L1 vertebra left transverse process. *Id.* at 18, 55–56. As a result, Marcucci "wasn't able to move. She wasn't able to get around whatsoever[;]" a friend "had to bathe

- 6 -

her and help her how to walk and eat and sit, even feed her." *Id.* at 53, 106, 121–122. Additionally, she experienced hearing loss in her left ear, and her injuries raised concern "for the retroperitoneal hematoma, liver or splenetic laceration." *Id.* at 58–59. Based on the foregoing, we agree with the trial court that the evidence was sufficient to establish that Appellant committed aggravated assault by causing serious bodily injury to Marcucci. 18 Pa.C.S. § 2702(a).

Next, Appellant challenges the trial court's refusal to instruct the jury on the elements of simple assault. Appellant's Brief at 20. According to Appellant, the trial court was required to instruct on the lesser-included offense of simple assault because "the offense has been made an issue in the case and the evidence would reasonably support such a verdict." *Id.* at 23 (quoting *Commonwealth v. Phillips*, 946 A.2d 103, 110 (Pa. Super. 2008) (citation omitted)). In contrast, the Commonwealth argues:

> [Appellant] failed to demonstrate that the evidence would have rationally supported a conviction for simple assault and an acquittal of aggravated assault. . . . [Also,] the record is devoid of any evidence to dispute the Commonwealth's overwhelming proof that [Appellant] intended to cause serious bodily injury. Without any such evidence, the [c]ourt was justified in refusing to instruct the jury on simple assault.

Commonwealth's Brief at 12, 13–14.

When evaluating the propriety of jury instructions:

> this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in

- 7 -

phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014).

Additionally, "jury instructions regarding particular crimes or defenses are not warranted where the facts of the case do not support those instructions."

***Commonwealth v. Washington***, 692 A.2d 1024, 1028 (Pa. 1997).

In denying Appellant's post-sentence motion and in its opinion to this Court, the trial court disposed of this challenge as follows:

> [Appellant] also contends that this [c]ourt erred in refusing to instruct the jury [on] the lesser[-]included offense of simple assault. Such an instruction is proper only where the evidence presented at trial would make it "rational for the jury to render a verdict of not guilty of the greater offense but guilty of the lesser." *Commonwealth v. Sirianni*, 428 A.2d 629, 631 (Pa. Super. 1981). The Court also pointed out that there is no basis "for the proposition that the specific result caused was the exact result intended. It is, therefore, proper to consider only those facts and circumstances which are probative of the actor's frame of mind at the moment he committed the act." *Id.*
>
> In this case, the injuries were serious. Marcucci was unable to perform basic bodily functions alone, she had massive bruising all over the body and a broken vertebrae. She suffered serious bodily injury as defined by law. Further, focusing on [Appellant's] frame of mind at the moment he committed the act, we can only use the evidence available to us to infer his state of mind. The evidence available is the serious injuries, the fact that the beating was ongoing until Marcucci's sister removed her from the home, and her statements to medical staff that he used a hammer and a drumstick as well as his fists to cause the injuries. This indicates an intent to cause serious bodily injury.

Order and Memorandum Opinion, 3/24/17, at 2–3.

Appellant argues that this [c]ourt should have instructed the jury on the lesser[-]included offense of simple assault. Initially, counsel did not request the simple assault instruction until after the jury went to deliberate. Second, based on the testimony and evidence presented at trial in the [courtroom], the Commonwealth established serious bodily injury. The facts did not demonstrate simple assault. The Commonwealth presented ample evidence for aggravated assault. Therefore[,] simple assault was not charged.

The Commonwealth staked its entire case on this being an aggravated assault. If the jury felt that the evidence was not sufficient to prove aggravated assault, as defined in the charge, then the proper result would have been an acquittal. Obviously, as the jury acquitted Appellant of the other charge, they were able to make determinations as to the sufficiency of the evidence in all counts.

Trial Court Opinion, 7/12/17, at 5–6.

Upon review of the trial court's jury instruction, we discern no abuse of the trial court's discretion or an inaccurate statement of the law. As noted, Appellant requested a jury instruction on simple assault. That offense is defined, in relevant part, as follows:

**(a) Offense defined.**-- Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S. § 2701(a).

On the facts of this case, we find there is no evidence in the record from which a jury could reasonably conclude that Appellant intended to

cause bodily injury, but not serious bodily injury. The record indicates that Appellant beat Marcucci using his fists, a hammer, and a drumstick, causing her to suffer extensive bruising, a swollen eye, and a broken vertebra. As Appellant exercised his option not to testify, and thereby did not offer any testimony concerning his intent, "[t]his is all uncontradicted evidence of record indicating an intent to cause serious bodily injury." **Commonwealth v. Sirianni**, 428 A.2d 629, 633 (Pa. Super. 1981). In fact, the defense did not present any evidence to rebut the testimony of the Commonwealth witnesses. **Id.** at 634.

Because the record reveals there was no evidence presented by Appellant to dispute the Commonwealth's overwhelming proof of an intent to inflict serious bodily injury, a charge on simple assault would have been unwarranted. **Sirianni**, 428 A.2d at 633 (citation omitted). Thus, Appellant cannot succeed on his claim that the trial court should have charged the jury on simple assault; the evidence presented did not warrant such an instruction. **See Commonwealth v. Walker**, 36 A.3d 1, 15 (Pa. 2011) (holding that jury instruction regarding heat of passion and imperfect self-defense voluntary manslaughter not warranted where evidence did not support such instruction); **Washington**, 692 A.2d at 1028–1029 (holding that jury instruction regarding particular defense not warranted where evidence does not support such instruction). We, therefore, hold the trial court did not err in refusing to charge the jury on simple assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018