J-S26020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY MAURICE WILLIAMS, III | : | |
| | : | |
| Appellant | : | No. 82 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 17, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at CP-22-CR-0000302-2018

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED SEPTEMBER 15, 2021**

Cory Maurice Williams, III (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of aggravated assault.[1]  We affirm.

The Commonwealth charged Appellant by criminal complaint filed December 19, 2017.  Appellant's first trial in January 2020 resulted in a mistrial; a second trial was held on October 20-21, 2020.  At trial, the Commonwealth presented evidence that Appellant, his girlfriend Mary Harroum (the Girlfriend), and her brother Mark Seiders (the Victim), traveled to Baltimore so Appellant and the Girlfriend could buy synthetic marijuana. N.T., 10/20-21/20, at 28-30.  The Victim did not use synthetic marijuana, but

_____

[1] 18 Pa.C.S.A. § 2702(a)(1).

went along "for the ride." *Id.* at 46, 30. The drive was interrupted by arguments between Appellant and the Girlfriend, who ultimately purchased the synthetic marijuana. *Id.* at 30-32.

Upon returning to Harrisburg, the Victim separated from Appellant and the Girlfriend, but subsequently met up with them outside Appellant's home, where the three began to argue. *Id.* at 33, 62. The Victim had been drinking, as had Appellant, and the Victim believed Appellant had used synthetic marijuana. *Id.* at 31-33, 48, 63. The Girlfriend urged the Victim to go inside. *Id.* at 63. As the Victim walked away, he threatened to kill Appellant. *Id.* The Girlfriend told the Victim to stop "running his mouth." *Id.* at 64. As the Victim turned to respond, Appellant hit him, causing him to fall into trashcans and temporarily lose consciousness. *Id.* at 64. Appellant straddled the Victim's body and punched his face repeatedly. *Id.* at 64-65. He then grabbed the Victim by the ankles, dragged him into a doorway, picked him up "like a rag doll and slammed him on his head" twice — once on concrete and once on a marble floor. *Id.* at 66, 52-53, 64-66.

The Victim's girlfriend, Sabrina Daniels, witnessed the incident and called police. *Id.* at 59, 66-67. She identified Appellant as the attacker, shouting from her window "there he is, he did it!" *Id.* at 68, 108. Despite his injuries, Appellant attempted, unsuccessfully, to flee the scene. *Id.* at 115, 118.

Police Officer Gregory Hill observed the Victim "to be in a great deal of pain," "going in and out of consciousness," and unable to answer questions. *Id.* at 119. Officer Hill testified that the Victim's nose was broken, and despite efforts by Ms. Daniels and others to clean the Victim's wounds, his face "was covered in blood" and he "just kept bleeding." *Id.* at 114.

The Victim suffered injuries to his spine, tailbone, collarbone, and head; in addition, his nose, dentures, and glasses were broken. *Id.* at 35. He described his nose as being "crushed," and testified, "it is still to one side. It d[idn]'t heal up. It's the way it is now." *Id.* at 34-35. The Victim also suffers migraine-like headaches from the assault. *Id.* at 39. The Commonwealth presented pictures to the jury of the Victim before and after the assault, and the Victim testified, "I'm always getting questions, hey, what happened to your nose[?]" *Id.* at 36-37, 39.

After hearing the evidence, the jury convicted Appellant of aggravated assault. On December 17, 2020, the trial court sentenced Appellant to 6 - 15 years in prison. Appellant timely appealed.[2]

Appellant raises a single issue for review:

> DID NOT THE COURT ERR IN REFUSING TO INSTRUCT THE JURY AS REQUESTED BY [APPELLANT] ON THE LESSER-INCLUDED OFFENSE OF SIMPLE ASSAULT?

Appellant's Brief at 4.

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

We begin by recognizing that to preserve an appellate claim regarding a jury instruction, an appellant must have either taken an exception or made a specific objection. **Commonwealth v. Williams**, --- A.3d ---, 2021 WL 2428722, at *9 (Pa. Super. June 15, 2021). Further:

> If an appellant has properly preserved an issue for appellate review, the appellant must include in his or her brief a "statement of the case" including a "statement of place of raising or preservation of issues." Pa.R.A.P. 2117(c). This information must also be referenced in the argument portion of the appellate brief. Pa.R.A.P. 2119(e).

**Commonwealth v. Baker**, 963 A.2d 495, 502 n.5 (Pa. Super. 2008). "It is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." **Id.** at 502 n.6 (citations omitted).

Instantly, we have been unable to locate Appellant's request for a simple assault instruction in the record. Appellant did not request the instruction in his written proposed jury instructions and we have not found a request in the notes of testimony. **See** Defendant's Proposed Jury Instructions, 10/20/20, at 1-26. Neither Appellant's statement of the case nor the argument section of his brief contain a specific "statement of place of raising or preservation of issues." Pa.R.A.P. 2117(c). Again, it is not our job to "scour" the record on Appellant's behalf. **See Baker**, **supra** at 502 n.5, n.6. Moreover, Appellant did not take an exception to the charge or lodge a specific objection. Appellant states that after the court "concluded its charge and prior to the beginning of deliberations, the court and counsel discussed the lack of an instruction for

- 4 -

simple assault. . . . Defense counsel wanted to place her exception on the record, but the attorney for the Commonwealth stated, 'It's covered.'" Appellant's Brief at 7; N.T., 10/20-21/20, at 237.

We could arguably find waiver. **See Williams**, **supra**; Pa.R.A.P. 2117(c), 2119(e). However, because the trial court and the Commonwealth both agree Appellant requested the charge, we will address the merits of Appellant's claim. **See** Trial Court Opinion, 3/15/21, at 2 (unnumbered); Commonwealth Brief at 5.

Appellant argues the trial court erred by denying his request for a simple assault instruction because the Commonwealth "presented neither medical testimony nor even medical records. [The Victim] sought no further medical treatment after he was discharged from the hospital," and thus the Commonwealth did not prove serious bodily injury. **Id.** at 17. Appellant maintains "it would have been rational for a juror to find that the elements of 'bodily injury' were established, but to be unconvinced that the elements of 'serious bodily injury' were established." **Id.** We disagree.

It is well-settled that a trial court's denial of a request for a jury instruction "is disturbed on appeal only if there was an abuse of discretion or an error of law." **Commonwealth v. Johnson**, 107 A.3d 52, 89 (Pa. 2014) (citation omitted).

> In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents

- 5 -

to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the [a]ppellant was prejudiced by that refusal.

*Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa. Super. 2013) (citation omitted).

Here, the trial court expressed in detail its rationale for denying the requested jury charge, stating:

Simple assault is a lesser included offense of aggravated assault. In *Commonwealth v. Sirianni*, 428 A.2d 629 (Pa.Super.1981), the Superior Court held that simple assault is a lesser included offense of aggravated assault as the definition of serious bodily injury contains bodily injury within it. *Id.* at 632-33. The proper focus in distinguishing between simple and aggravated assault is on the defendant's intent and actions. *Commonwealth v. Thomas*, 546 A.2d 116, 118 (Pa. Super. 1988). **A defendant is entitled to a jury instruction on the lesser included offense only where the evidence in the record would permit the jury to find, rationally, that the defendant is guilty of the lesser included offense but not of the greater offense.** *Id.*

* * *

In the case at bar, Appellant fails to show that the evidence would have rationally supported a conviction for simple assault but an acquittal on aggravated assault. *See*, *Sirianni supra*. The injuries sustained by [the Victim] constituted serious bodily injury. The Appellant beat him until he was unconscious, then dropped him headfirst on concrete and a floor. [The Victim's] face was covered in blood, he suffered injuries to his spine, collarbone, and

- 6 -

tailbone. His nose was broken and remains disfigured to this day. Certainly, he has "serious permanent disfigurement" to his nose as delineated by the aggravated assault statute. Further, he continues to suffer headaches. No rational jury could conclude that these injuries constituted bodily injury and not serious bodily injury. The Appellant certainly intentionally, knowingly, or recklessly caused serious bodily injury. *See*, *e.g.*, *Commonwealth v. Tyler*, 2015 WL 7301627, Non-Precedential Superior Court Decision, and *Commonwealth v. Owens*, 2018 WL 1404882, Non-Precedential Superior Court Decision, (cited for persuasive value pursuant to Pa.R.C.P. 126 (b)).

Finally, regarding Appellant's intent, the evidence proved beyond a reasonable doubt that he intended to cause serious bodily injury. The repeated beating of [the Victim] and the dropping of him headfirst on to concrete and a floor evidenced Appellant's intent to cause such injury.

The jury, as fact finder, could have determined that the Commonwealth failed to meet its burden of proof beyond a reasonable doubt on the charge of aggravated assault and acquitted the Appellant. If the jury did not find serious bodily injury was caused and the requisite mental state of Appellant, they would have been obligated to acquit him. Instead, the jury found the Appellant guilty of aggravated assault. This Court's decision not to charge the jury on the lesser included offense of simple assault was entirely proper, as no rational jury would have concluded the injuries were not serious bodily injury.

Trial Court Opinion, 3/15/21, 3-6 (unnumbered) (bold emphasis added). As the Commonwealth observes, "Appellant's intent [to commit aggravated assault] was manifest when he continued to brutally attack [the Victim] long after he was rendered unconscious." Commonwealth Brief at 7.

Consistent with the foregoing, we discern no error or abuse of discretion by the trial court. *See e.g., Sirianni*, *supra*; *see also Commonwealth v. Rush*, 162 A.3d 530, 540 (Pa. Super. 2017) ("The trial court is not required to give every charge that is requested by the parties[. The] courts are invested

with broad discretion in crafting jury instructions, and such instructions will be upheld so long as they clearly and accurately present the law to the jury for its consideration.") (citations omitted).  As our review reveals ample support for the court's denial of Appellant's requested jury charge, no relief is due. ***Sandusky***, 77 A.3d at 667.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2021