J-S23042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| YASMINE WILKERSON | : | |
| Appellant | : | No. 2865 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005245-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| YASMINE WILKERSON | : | |
| Appellant | : | No. 2867 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005246-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED FEBRUARY 13, 2024**

Appellant, Yasmine Wilkerson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following her bench trial convictions for attempted murder, conspiracy to commit murder, aggravated assault, simple assault, and recklessly endangering another

person ("REAP").[1]  We vacate and remand for resentencing.

The trial court set forth the relevant facts and procedural history of this case as follows:

> In 2018, [Appellant's] husband, Thomas Wilkerson, left their marriage to join in a relationship with Complainant Seibia Waring.  (N.T. Trial, 6/10/22, at 15-22).  On May 19, 2018, a conflict arose between the two women's friends and family on social media after Ms. Waring posted news about her Islamic wedding ceremony with Mr. Wilkerson.  (**See id.** at 23-28).  The following afternoon, [Appellant] texted Ms. Waring to invite Ms. Waring's sisters to come find and fight [Appellant], because [Appellant] believed that they had disrespected her aunt.  (**See id.** at 28-31).  A fight was arranged between [Appellant] and Ms. Waring.  (**Id.** at 28-33).
>
> At about 9 or 10 p.m. on May 20, 2018, [Appellant] arrived at 58th and Hadfield Streets, where Ms. Waring's then 74-year-old father, Frederick Waring, lived.  (**See id.** at 32-33, 45, 51).  Ms. Waring went to her father's house, and [Appellant] was already outside with a crowd of 15 to 20 women.  (**See id.** at 33).  Some of the women had weapons, including sticks with nails in them.  (**See id.**)  Ms. Waring and her sister and niece exchanged words with the crowd, but the crowd began to disperse without anyone physically fighting.  (**See id.** at 33-36).
>
> [Appellant] then doubled back, claiming that she was looking for her keys.  (**See id.** at 35, 60-61).  Ms. Waring admitted that she wanted to fight [Appellant]; Ms. Waring felt disrespected and was upset that [Appellant] brought a crowd to her father's house.  (**See id.** at 33, 36, 59-60).  [Mr.] Waring repeatedly physically restrained Ms. Waring, and Ms. Waring and [Appellant] never made physical contact.  (**See id.** at 36-37).  Ms. Waring testified that she was unarmed and that she did not see [Appellant] with any weapons.  (**See id.** at 37-38).

_____

[1] 18 Pa.C.S.A. §§ 901(a), 903, 2702(a), 2701(a), and 2705, respectively.

> As [Mr.] Waring attempted to restrain Ms. Waring, Ms. Waring saw [Appellant] turn to two men and say, "Kill them both." (*See id.* at 37-38, 61, 64). About three seconds later, Ms. Waring heard gunshots, and her father tackled her to the ground. (*See id.* at 38-39). Ms. Waring watched her father get hit by multiple gunshots; she did not realize that she, too, had been shot, until she realized that she could not get up. (*See id.* at 38-39).
>
> Seibia Waring was shot four times and spent about ten days at the hospital. (*See id.* at 41, 77). Frederick Waring was shot ten times, was in a coma for about eight days, and spent about one month in the hospital. Law enforcement recovered three different calibers of fired cartridge casings from the area of [5]800 Hadfield Street: ten nine-millimeter casings, seven 40-caliber, and one 45-caliber casing. (*See id.* at 73-74).

(Trial Court Opinion, filed 1/13/23, at 2-3) (citation formatting provided).

Appellant's initial jury trial resulted in a deadlock and the trial court declared a mistrial on September 19, 2019. Thereafter, Appellant waived her right to a jury trial and the court conducted a bench trial on June 10, 2022, after which it convicted Appellant of the above-mentioned crimes.

The trial court held a sentencing hearing on September 28, 2022. The court imposed the following sentence: At docket No. 5245-2018 (relating to Ms. Waring), 5 to 10 years' imprisonment for attempted murder, a concurrent term of 3 to 6 years' imprisonment for aggravated assault, 4 years of probation for conspiracy to commit murder consecutive to the attempted murder sentence, 2 years of probation for simple assault consecutive to the attempted murder sentence but concurrent to the prior probationary term, and 2 years of probation for REAP consecutive to the attempted murder

sentence but concurrent to the prior probationary term. At docket No. 5246-2018 (relating to Mr. Waring), the court imposed identical sentences for the same crimes. The court ordered that the sentences at each docket be served concurrently. Thus, the court imposed an aggregate term of 5 to 10 years' imprisonment followed by 4 years of probation.

Appellant filed a timely post-sentence motion on October 7, 2022, which the trial court denied on October 14, 2022. Appellant filed timely notices of appeal at each underlying docket on Monday, November 14, 2022.[2] On November 18, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant timely complied.

Appellant presents the following three issues on appeal:

> 1. Is the sentence imposed illegal where [A]ppellant was convicted of–and sentenced on–both conspiracy to commit murder, and attempted murder in violation of 18 Pa.C.S.A. § 906?
>
> 2. Is the sentence imposed for the crime of aggravated assault illegal in this matter where [A]ppellant was also convicted of–and sentenced on–attempted murder and those offenses are required to merge for sentencing purposes under controlling law?
>
> 3. Is the sentence imposed for the crime of simple assault illegal in this matter where [A]ppellant was also convicted of–and sentenced on–attempted murder and aggravated assault and those offenses are required to merge for sentencing purposes under controlling law?

---

[2] This Court subsequently granted Appellant's request to consolidate the appeals.

(Appellant's Brief at 4).

In her first issue, Appellant argues that the trial court imposed an illegal sentence in violation of Section 906 of the Crimes Code, which prohibits a conviction for more than one inchoate crime for conduct designed to commit or to culminate in the commission of the same crime. Appellant asserts that the inchoate crimes of conspiracy to commit murder and attempted murder (at each docket) were directed to commission of the same crime (the murder of Ms. Waring and the murder of Mr. Waring). Under these circumstances, Appellant insists that she cannot be lawfully sentenced for both crimes. Appellant concludes that this Court must vacate one of her sentences for attempted murder or conspiracy to commit murder (at each docket), and further dismiss one of those charges at each underlying docket, as she cannot lawfully be "convicted" of both charges.[3] We agree that partial relief is due.

A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. *Commonwealth v. Allen*, 24 A.3d 1058, 1062 (Pa.Super. 2011). Accordingly, our standard of review is *de novo* and our scope of review is plenary. *Id.*

Section 906 of the Crimes Code provides that "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to

_____

[3] Both the trial court and the Commonwealth agree that only sentencing relief is due.

culminate in the commission of the same crime." 18 Pa.C.S.A. § 906. This Court has "interpreted 'convicted' in Section 906 to mean the entry of a judgment of sentence, rather than a finding of guilt." *Commonwealth v. Jacobs*, 614 Pa. 664, 673, 39 A.3d 977, 983 (2012) (collecting cases). *See also Commonwealth v. King*, 660 Pa. 482, 516 n.17, 234 A.3d 549, 569 n.17 (2020) (stating: "This Court has clarified that the term "convicted" in Section 906 refers to the entry of a judgment of sentence, not a finding of guilt by the jury").

In *King, supra*, our Supreme Court concluded that Section 906 prohibited the trial court from imposing sentences for both attempted murder and conspiracy to commit murder. The Court explained that "where a defendant tries to achieve a result—in this case, murder—but fails to do so, he may only be punished once in the absence of distinct criminal objectives." *King, supra* at 520, 234 A.3d at 572.

Instantly, at each docket, the court convicted Appellant of both conspiracy to commit murder and attempted murder. The court sentenced Appellant, at each docket, to 5 to 10 years' imprisonment for attempted murder, and 4 years of probation for conspiracy to commit murder. In its opinion, the trial court explained that the crimes arose from a single act, namely, Appellant's direction to the two men to kill both Mr. and Ms. Waring. (*See* Trial Court Opinion at 7). Therefore, the trial court concedes that it should not have sentenced Appellant for each of these crimes.

Initially, we reject Appellant's argument that she could not be **convicted** of both attempted murder and conspiracy to commit murder. Our caselaw is clear that Section 906 does not prohibit a defendant from being convicted of both crimes; rather, it prohibits the entry of a judgment of sentence for both offenses. **See King, supra**. Nevertheless, we agree with Appellant and the trial court that the court's imposition of separate sentences for these crimes constituted an illegal sentence. **See id.** Therefore, we vacate Appellant's judgment of sentence and remand for resentencing, such that the court may impose sentence for one, but not both, of these crimes at each docket. **See Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa.Super. 2006), *appeal denied*, 596 Pa. 745, 946 A.2d 687 (2008) (stating: "If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan").

In her second issue, Appellant argues that the court imposed an illegal sentence when it sentenced her for both attempted murder and aggravated assault at each docket. Appellant insists that the offense of aggravated assault merges with the offense of attempted murder, where her crimes arose from the same criminal activity.[4] We agree.

Our legislature has addressed the mandatory merger of crimes for the purpose of sentencing in Section 9765 of the Sentencing Code, which

_____

[4] Both the trial court and the Commonwealth agree that relief is due.

provides:

> **§ 9765. Merger of sentences**
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Concerning the appropriate test for merger of crimes for sentencing, "[t]he statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." **Commonwealth v. Baldwin**, 604 Pa. 34, 39, 985 A.2d 830, 833 (2009). Specifically, our Supreme Court has held that "the offense of aggravated assault is necessarily included within the offense of attempted murder" when both crimes arise from one act; therefore, the two offenses must merge for purposes of sentencing. **Commonwealth v. Anderson**, 538 Pa. 574, 583, 650 A.2d 20, 24 (1994).

Here, the trial court sentenced Appellant at each docket to 5 to 10 years' imprisonment for attempted murder and imposed a concurrent term of 3 to 6 years' imprisonment for aggravated assault. As the trial court explained, the facts establishing the aggravated assault and attempted murder convictions arose from Appellant's command to the two men to kill both Mr. and Ms. Waring. (**See** Trial Court Opinion at 7). Therefore, the court concedes in its opinion that the sentences should have merged. Under these circumstances,

we agree that Appellant's aggravated assault convictions at each docket should have merged with her attempted murder convictions at each docket for sentencing purposes. ***See Anderson, supra***; 42 Pa.C.S.A. § 9765. Thus, we vacate Appellant's aggravated assault sentences at each docket.

In her final issue, Appellant argues that the court imposed an illegal sentence by sentencing her on the simple assault convictions at each docket. Appellant contends that the facts establishing simple assault and aggravated assault indisputably arose from a single criminal act in each matter, and that simple assault is a lesser-included offense of aggravated assault. Appellant concludes that these offenses should have merged for sentencing purposes, and this Court must vacate her sentence for simple assault at each docket.[5] We agree.

As discussed, under Section 9765 crimes merge for sentencing purposes where one crime is a lesser included offense of the other, and the crimes arise from a single criminal act. ***See Baldwin, supra***. It is well settled that "'[s]imple assault' as an attempt to cause mere bodily injury is…a lesser included offense of aggravated assault which is an attempt to cause serious bodily injury." ***Commonwealth v. Sirianni***, 428 A.2d 629, 632-33 (Pa.Super. 1981).

Instantly, the court convicted Appellant of simple assault and

---

[5] Both the trial court and the Commonwealth agree that relief is due.

aggravated assault and sentenced Appellant at each docket to 3 to 6 years of imprisonment for aggravated assault, and 2 years of probation for simple assault. The crimes arose from the single criminal act of Appellant directing the two men to kill Mr. and Ms. Waring. Therefore, the trial court concedes that the simple assault sentences should have merged at each docket. We agree that these offenses should have merged for sentencing purposes, where simple assault is a lesser included offense of aggravated assault, and the crimes arose from the same criminal act.[6] **See Baldwin, supra**; **Sirianni, supra**. Therefore, we vacate Appellant's sentences at each docket for simple assault.

Accordingly, we vacate the judgment of sentence at each docket for criminal conspiracy to commit murder and attempted murder because the trial court could not sentence Appellant on both inchoate crimes. Further, we vacate the sentences for aggravated assault at each docket, because those offenses merge with attempted murder for sentencing purposes. We further vacate the sentences at each docket for simple assault, which merge with Appellant's aggravated assault convictions (or attempted murder convictions) for sentencing purposes. Notwithstanding the concurrent nature of the

---

[6] Notably, Appellant's convictions for simple assault would also merge with her convictions for attempted murder as these crimes similarly arose from the same criminal act. **See Commonwealth v. Novak**, 564 A.2d 988, 989 (Pa.Super. 1989) (explaining that simple assault is lesser included offense of attempted murder).

sentences imposed, given the disruption to the overall sentencing scheme here, the best resolution is to remand for resentencing so that the court has the discretion to restructure its sentencing plan if the court finds it appropriate to do so. *See Thur, supra*.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2024