J-A20001-20

2020 PA Super 297

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
GRACE L. LAMBERT : No. 349 WDA 2020

Appeal from the Order Entered February 5, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0001847-2019

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

OPINION BY BOWES, J.: FILED DECEMBER 24, 2020

The Commonwealth appeals from the February 5, 2020 order granting Appellee Grace L. Lambert's omnibus pretrial motion for a writ of habeas corpus and dismissing all of the charges. We affirm.

On August 1, 2019, Middlesex Township Police Officer Conrad Pfeifer responded to a report of a domestic disturbance at Appellee's residence. Upon arrival, Appellee's son, Dylan Lambert (the "victim"), was waiting for police outside of the house. The victim informed Officer Pfeifer that his verbal altercation with Appellee had turned violent when she struck him in the chest, pointed a Ruger .380 pistol at him, and shouted, "I will shoot you. I swear to God." See Affidavit of Probable Cause, 8/2/19, at 1. The victim also gave Officer Pfeifer a written statement. Based upon these allegations, Appellee was arrested and charged with aggravated assault, harassment, and recklessly endangering another person.

On October 9, 2019, Officer Pfeifer testified at a preliminary hearing about the contents of the written statement that the victim provided to him. The victim was not present and did not testify. No other evidence was presented and no record was made of the proceeding. At the conclusion of the hearing, all of the charges were held for court.

On December 19, 2019, Appellee filed a motion for a writ of habeas corpus, wherein she alleged that the Commonwealth had failed to establish a prima facie case at the charges. On February 3, 2020, the trial court held a hearing. At the hearing, the Commonwealth did not offer any testimony or evidence, arguing instead, that it did not have to re-establish a prima facie case. See N.T. Pretrial Hearing, 2/3/20, at 2. Although it acknowledged that no transcript was made of the October 9, 2013 preliminary hearing, the Commonwealth still claimed it was entitled to rely on "what happened at the preliminary hearing." Id. Appellee responded that Officer Pfiefer's testimony summarizing Dylan's statement, alone, was insufficient to establish a prima facie case. Id. at 3-4.

On February 5, 2020, the trial court entered an order granting Appellee's motion and dismissing all charges on the grounds that "no record of the preliminary hearing exists and no record was established at the hearing, [so] the [c]ourt has nothing to review to determine whether or not a prima facie case exists as to each of the offenses charged. Therefore, [Appellee]'s motion is granted." Order, 2/5/20, at 1. This appeal followed. Both the Commonwealth and the trial court have complied with the mandates of

Pa.R.A.P. 1925, and this appeal is properly before us. See Commonwealth v. Weigle, 997 A.2d 306, 308 n.5 (Pa. 2010) (holding that an order discharging an accused constitutes a final order subject to appellate review).

The Commonwealth presents the following issues for our review:

I.     The trial court erred and exceeded the scope of its review at the habeas corpus proceeding when it required the Commonwealth to establish its prima facie case anew after the district magisterial court held that the Commonwealth had established a prima facie case following a preliminary hearing.

II.    The trial court erred in treating the habeas corpus proceeding as a hearing de novo.

III.   The trial court erred in not allowing the Commonwealth to rely on evidence presented at the preliminary hearing in responding to [Appellee]'s habeas corpus petition.

IV.    The trial court erred in not ruling in accordance with the controlling case law that the Commonwealth presented at the habeas corpus petition hearing, namely, Commonwealth v. Dantzler, 135 A.3d 1109 (Pa.Super. 2016), and Commonwealth v. Predmore, 208 A.3d 459 (Pa.Super. 2018), and non-precedential case Commonwealth v. Bodanza, 2019 WL 5063372.

Commonwealth's brief at 6.

We will consider the Commonwealth's interconnected questions concerning its burden to establish a prima facie case collectively. While doing so, we are mindful of the following legal principles. "It is well-settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's prima facie case for a charged crime is a question of law as to which an appellate court's review is plenary." Commonwealth v. Hilliard, 172 A.3d 5, 12 (Pa.Super.

2017) (citation and internal quotation marks omitted). "[T]he trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial, prima facie burden to make out the elements of a charged crime." Commonwealth v. Karetny, 880 A.2d 505, 513 (Pa. 2005). Therefore, we are not bound by the legal determinations of the trial court and our standard of review is de novo. Id.

Additionally, we review a decision to grant a pre-trial motion to quash by examining the evidence and reasonable inferences derived therefrom in the light most favorable to the Commonwealth. See Commonwealth v. Starry, 196 A.3d 649, 656 (Pa.Super. 2018). "The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime." Commonwealth v. Jackson, 849 A.2d 1254, 1257 (Pa.Super. 2004) (internal citation omitted). Our Supreme Court has described the Commonwealth's burden at the preliminary hearing as follows.

> At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a prima facie case of guilt. A prima facie case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

Karetny, supra at 513-14 (citations omitted, emphasis added).

Following a preliminary hearing,

[a] pre-trial habeas corpus motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a prima facie case. To demonstrate that a prima facie case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein. To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

Commonwealth v. Dantzler, 135 A.3d 1109, 1112 (Pa.Super. 2016) (en banc) (internal citations and quotation marks omitted). The focus of a pre-trial habeas petition is on "whether sufficient Commonwealth evidence exists to require a defendant to be held in government 'custody' until he may be brought to trial." Commonwealth v. Jackson, 809 A.2d 411, 416 (Pa.Super. 2002).

The Commonwealth argues that it was not obligated to "establish its prima facie case anew" at the habeas corpus hearing. See Commonwealth's brief at 10, 15. While the Commonwealth concedes that no record of the preliminary hearing exists, it nonetheless argues that it met its burden of proof through reliance on the result of the preliminary hearing. Id. at 8. Therefore, it avers that the trial court erred when it granted Appellee's habeas corpus motion after the Commonwealth failed to put forth any evidence at the habeas corpus proceeding. We disagree.

At the habeas corpus hearing, the Commonwealth was required to present evidence with regard to each material element of the crimes charged in order to establish sufficient probable cause to proceed to trial. Dantzler, supra at 1112. Depending on the particular circumstances of the case at issue, the Commonwealth may meet this burden by introducing the preliminary hearing record and/or by presenting evidence at the habeas corpus hearing. Id. In other words, only when the Commonwealth can prove every material element of each crime charged through the preliminary hearing record alone is no additional testimony or evidence at the later habeas corpus proceeding necessary. Id. Although the Commonwealth contends that it is not required to establish a "prima facie case anew" at the habeas corpus hearing, it is nonetheless required to establish a prima facie case by introducing some manner of evidentiary support.

Here, no transcript of the preliminary hearing exists. Therefore, the Commonwealth had no preliminary hearing record upon which to rely in order to prove a prima facie case of the elements of aggravated assault, harassment, and recklessly endangering another person. Consequently, the Commonwealth needed to produce evidence at the habeas corpus hearing in order to satisfy its burden. When it failed to do so, the trial court properly granted the habeas corpus motion.

The Commonwealth counters that it should not be penalized for the absence of a transcript from the preliminary hearing. See Commonwealth's

brief at 15. Instead, the Commonwealth cites Commonwealth v. Bodanza, 222 A.3d 819 (Pa.Super. 2019) (unpublished memorandum), to support its position that defendants should be estopped from proceeding with habeas corpus motions if they cannot provide the reviewing court with anything to review. Id. at 15-16. From the outset, we note that this Court's decision in Bodanza is non-binding precedent that has only "persuasive value." See Pa.R.A.P. 126(b). Moreover, we find the Commonwealth's reliance upon Bodanza to be misplaced, as the holding does not support the Commonwealth's argument.

In that case, in lieu of a preliminary hearing, Bodanza and the Commonwealth stipulated to the accuracy of the facts set forth in the criminal complaint and affidavit of probable cause, which the magistrate found established a prima facie case against Bodanza. In the trial court, he filed a writ of habeas corpus alleging that the Commonwealth had failed to establish a prima facie case. At the ensuing habeas corpus hearing, the Commonwealth admitted the aforementioned criminal complaint and affidavit of probable cause, and explained that the parties had previously stipulated to the accuracy of the facts set forth in these documents. Bodanza countered that the record established at the preliminary hearing was non-binding and that the affidavit and criminal complaint were non-admissible hearsay. Accordingly, he argued that the Commonwealth needed to produce live, non-hearsay testimony in order to sustain its burden.

Ultimately, the trial court agreed with Bodanza and sustained his hearsay objection to the admission of the criminal complaint and affidavit of probable cause. When the Commonwealth presented no live testimony, the trial court dismissed all of the charges. On appeal, this Court reversed, reasoning that the trial court "failed to honor [Bodanza's] stipulation to the facts in the criminal complaint and the affidavit of probable cause," which "effectively removed any hearsay objections or concerns." Id. at 6. Overall, we concluded that these documents set forth facts, which, when viewed in a light favorable to the Commonwealth, established a prima facie case. Id.

Here, the parties did not stipulate to the accuracy of the affidavit of probable cause and criminal complaint at the preliminary hearing. Instead, they chose to proceed to a contested preliminary hearing, of which no record was made. Unlike in Bodanza, the Commonwealth did not rely upon stipulated evidence to meet its burden at Appellee's habeas corpus proceeding. Rather, the Commonwealth elected to present no evidence whatsoever. Bodanza's holding regarding stipulated evidence submitted by the Commonwealth at a habeas corpus proceeding is irrelevant and inapposite to the present circumstances.[1]

_____

[1] Notably, Bodanza makes no mention of burden of proof shifting to criminal defendants in the context of habeas corpus proceedings, which would run counter to well-established case law that places the burden of proof at habeas corpus proceedings squarely upon the Commonwealth. Compare Commonwealth's brief at 15 ("[T]he burden is not on the Commonwealth to

To be clear, the Commonwealth's error here was not its attempt to rely upon the same evidence that it presented at Appellee's preliminary hearing, in and of itself. Rather, it was the Commonwealth's failure to actually bring forth any such evidence at Appellee's habeas corpus hearing. The most substantial problem posed by the Commonwealth's contention that we must accept the judgment of the magistrate is the inability of this Court (or, indeed, of anyone) to review the substance of the evidence presented at Appellee's preliminary hearing.

Under Pennsylvania law, "[w]here a criminal defendant seeks to challenge the sufficiency of the evidence presented at his preliminary hearing, he may do so by filing a writ of habeas corpus." Commonwealth v. Landis, 48 A.3d 432, 444 (Pa.Super. 2012) (en banc). However, the Commonwealth's argument inappropriately blurs this legal distinction, and essentially treats the two proceedings as co-extensive. See, e.g., Commonwealth v. Morman, 541 A.2d 356, 359-60 (Pa.Super. 1988) ("The focus of the court in a habeas corpus hearing is properly upon the legality of the existing restraint on the petitioner's liberty and not solely upon a review of what occurred at a prior preliminary hearing." (emphasis added)). In Morman, this Court

_____

initially produce a record of what occurred at the preliminary hearing."); with Bodanza, supra at 6-7 (concluding that the Commonwealth had met its prima facie burden by introducing testamentary evidence and documentation speaking to the elements of the crimes charged).

concluded that the trial court erred by deciding the defendant's petition for habeas corpus solely with reference to "the evidence presented at his preliminary hearing" after the Commonwealth sought to admit additional evidence at the subsequent habeas corpus hearing.[2]  Id. at 359.  This court noted the "invaluable purpose" of habeas corpus, which provides "the safeguard of a second judicial determination of the sufficiency of the Commonwealth's evidence" independent from a preliminary hearing.  Id. at 360.

Taken to its logical extent, the Commonwealth's position would render habeas corpus unavailable to any defendant held for trial after a preliminary hearing.  We cannot countenance such a result.  Based on the foregoing discussion, we find that the Commonwealth has failed to sustain its burden to establish a prima facie case of every element of the crimes charged at the preliminary hearing.  Accordingly, the trial court did not err when it granted Appellee's petition for writ of habeas corpus and dismissed all charges.

Order affirmed.

---

[2]  The holding in Commonwealth v. Morman, 541 A.2d 356 (Pa.Super. 1988), concerned the scope of the evidence permitted by the trial court. However, the case clarifies the common purpose and procedural postures of preliminary hearings and habeas corpus proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/24/2020