J-A09018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUINLENA ALLEN | : | No. 1392 EDA 2021 |

Appeal from the Order Entered June 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001517-2020

BEFORE:   NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED AUGUST 9, 2022**

The Commonwealth appeals the trial court's pre-trial order quashing the charges against Quinlena Allen ("Allen").  We reverse and remand for further proceedings.

The factual and procedural history of this case is as follows. Complainant Gregory McGaughy ("McGaughy") and Rondell Williams ("Williams") rented rooms in the same house.  On December 31, 2019, McGaughy went upstairs to the third floor of the house to offer pizza to Williams.  Williams accused McGaughy of interacting with "some lady."  N.T., 2/20/20, at 7.  He poked McGaughy and then "jumped" him.  **Id**. at 31. McGaughy described Allen as "jump[ing] right in" with Williams, and, according to McGaughy, this occurred at the "**top** and bottom" of the stairs.

_____

[*] Retired Senior Judge assigned to the Superior Court.

*Id*. at 33 (emphasis added). The altercation caused McGaughy to fall down the stairs from the third floor to the second, after which Williams "tried to stab [him], while [Allen was] trying to claw [his] eyes out." *Id*. at 7. More specifically, as McGaughy tumbled down the stairs, he was "fighting both of them," and Allen moved in front of Williams. Williams pulled a knife out and started to swing the knife at McGaughy. *Id*. at 34. McGaughy maneuvered around Allen to avoid the knife, and at the same time, Allen attempted to scratch McGaughy's face. *Id*. at 35. The altercation continued until the landlord intervened. *Id*. at 36-37.

Police arrested Allen and charged her with aggravated assault, conspiracy, simple assault, and recklessly endangering another person ("REAP").[1] Following a preliminary hearing, at which McGaughy testified to the above, the municipal court judge held all charges over for court. *See* N.T., 2/20/20, at 39.

Allen moved to quash the charges before the trial court. The parties presented no new evidence but relied on the testimony at the preliminary hearing. The trial court concluded on the record that Allen was an "invitee" at the home and, after the fight broke out, she "c[a]me to the aid of another person," and so she had a "complete defense," because she "ha[d] the right

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 903(a), 2701, 2705.

to come to the aid of the person being attacked." **See** N.T., 6/29/21, at 9. The trial court further opined, "Under those circumstances, the force was reasonable, and so the motion to quash is granted . . . because she would have a complete and total defense under the Pennsylvania [C]rimes [C]ode." **Id**.

The Commonwealth timely appealed and certified that this order terminates or substantially handicaps the prosecution. **See** Pa.R.A.P. 311(d). Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issue for our review:

> Did the lower court err in ruling that the evidence was insufficient to establish a *prima facie* case that defendant committed the crimes charged, where the evidence established that defendant acted in concert with another to punch and kick the victim until he fell down a staircase, continued attacking the fallen victim by clawing at his eyes, and only ceased attacking the victim when the homeowner returned home and interrupted the attack long enough for the victim to escape?

Commonwealth's Brief at 4.

Whether the Commonwealth has presented a *prima facie* case for charged offenses "is a question of law as to which an appellate court's review is plenary." **Commonwealth v. Bostian**, 232 A.3d 898, 908 (Pa. Super. 2020) (internal citation and quotations omitted), *appeal denied*, 244 A.3d 3 (Pa. 2021). The trial court is afforded no discretion in ascertaining whether, "as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial *prima facie* burden to make out the elements of a

- 3 -

charged crime[,] [and so] we are not bound by the legal determinations of the trial court." *Id*. (internal citations and quotations omitted). We review "a decision to grant a pre-trial motion to quash by examining the evidence and reasonable inferences derived therefrom in the light most favorable to the Commonwealth." ***Commonwealth v. Lambert***, 244 A.3d 38, 41 (Pa. Super. 2020) (internal citation omitted).

We have explained that the Commonwealth establishes a *prima facie* case when it

> produces evidence[] that, if accepted as true, would warrant the trial judge to allow the case to go to a jury. The Commonwealth need not prove the elements of the crime beyond a reasonable doubt; rather, the *prima facie* standard requires evidence of the existence of each and every element of the crime charged. Moreover, the weight and credibility of the evidence are not factors at this stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case.

***Bostian***, 232 A.3d at 908 (internal citation and emphases omitted). The trial court is not authorized "to determine the guilt . . . of an accused; [its] sole function is to determine whether probable cause exists to require an accused to stand trial on the charges . . .." ***Commonwealth v. Perez***, 249 A.3d 1092, 1102 (Pa. 2021) (internal citations and quotations omitted).

The Crimes Code provides that a person commits aggravated assault if she "attempts to cause serious bodily injury to another, or causes such injury

- 4 -

intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). The same acts supporting an aggravated assault charge also support the lesser included offense of simple assault. ***See, e.g., Commonwealth v. Sirianni***, 428 A.2d 629, 632-33 (Pa. Super. 1981). REAP occurs when a person "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

A person commits criminal conspiracy if, "with the intent of promoting or facilitating [a crime's] commission [s]he . . . agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime." 18 Pa.C.S.A. § 903(a). "The essence of criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished." ***Commonwealth v. Carter***, 416 A.2d 523, 524 (Pa. Super. 1979) (internal citation omitted). Conspiracy, "by its very nature is frequently not susceptible of proof except by circumstantial evidence." ***Id***. (internal citations and quotations omitted).

The Commonwealth argues that the trial court erred in granting Allen's motion to quash, as it "presented sufficient evidence to establish a *prima facie* case for every element of all the crimes charged," and, importantly, "the lower court impermissibly relied on a hypothetical ***trial*** defense . . . which was not

- 5 -

appropriate in this preliminary stage." Commonwealth's Brief at 9 (emphasis in original). According to the Commonwealth, the evidence was sufficient to support a *prima facie* case of aggravated assault, simple assault, and REAP. *Id*. at 10. The Commonwealth also argues that it presented a *prima facie* case for the conspiracy to commit aggravated assault, as Allen "acted in concert with Williams to attack the victim." *Id*. at 12. It lastly avers that the trial court improperly found a trial defense which is both unsupported by the record and, further, should not be considered in determining whether the Commonwealth has presented a *prima facie* case. *Id*. at 14.[2]

We initially note that the trial court made no findings at the hearing about the sufficiency of the evidence for any of the offenses, but rather concluded that Allen was a guest and invitee, and that Allen had a "complete defense" because she had the "right to come to the aid of another person." N.T., 6/29/21, at 9. However, in its Rule 1925(a) opinion, it determined that there was insufficient evidence to hold the charges against Allen over for trial

---

[2] Allen did not file a timely appellate brief. She moved for an extension of time over a month after the brief was due, which this Court denied. *See* Order, 3/28/22.

because there was no evidence of an overt act or agreement between Allen and Williams to assault McGaughy.  Trial Court Opinion, 9/2/21, at 2-3.[3]

Based on our review, we conclude the evidence, taken in the light most favorable to the Commonwealth, and with all reasonable inferences therefrom, established a *prima facie* case of aggravated assault, simple assault, REAP, and conspiracy to commit aggravated assault:  Allen attempted to cause serious bodily injury to McGaughy by attacking him at the top of a stairwell and continuing to attack him as he fell and while Williams swung a knife at him.  **See** 18 Pa.C.S.A. § 2702(a)(1).  Since the Commonwealth presented a *prima facie* case for aggravated assault, it also presented a *prima facie* case for simple assault.  **See Sirianni**, 428 A.2d at 632-33.  The record also demonstrates a *prima facie* case for REAP in that Allen recklessly engaged in conduct that placed McGaughy in danger of serious bodily injury by causing him to fall down the stairs and clawing at his eyes while Williams swung a knife at him.  **See** 18 Pa.C.S.A. § 2705.  Lastly, Allen's agreement with Williams to assault McGaughy may be inferred from her participation in the assault from the beginning up to, and through the duration of, when Williams

---

[3] The court did not address the elements of the other charges, but instead again opined that Allen acted in defense of Williams "after the altercation began," and that the evidence "suggests" Allen "came to the aid of someone being attacked, not that she engaged in a conspiracy to assault the victim." **See id**.

attacked McGaughy with a knife. **See** 18 Pa.C.S.A. § 903(a); **Carter**, 416 A.2d at 524.[4] Accordingly, we reverse the trial court's order granting Allen's motion to quash and remand for further proceedings consistent with this decision.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2022

---

[4] The trial court improperly considered the evidence in the light most favorable to Allen when it concluded that she came "to the aid of the person being attacked," when the evidence presented at the preliminary hearing, taken in the light most favorable to the Commonwealth, established the opposite. The trial court also erred by considering at this stage whether Allen would have a defense to the charges. **See Perez**, 249 A.3d at 1102 (stating that the trial court's function in ascertaining whether the Commonwealth has established a *prima facie* case is not to determine a defendant's guilt).